OPINION
{¶ 1} This appeal is taken from a final judgment of the Trumbull County Court of Common Pleas granting appellees, Emery J. Leuchtag ("Leuchtag") and Maguire Schneider, L.L.P., summary judgment. For the reasons that follow, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
 {¶ 2} In 1996, appellant, Cheryl A. Biddle, as the surviving spouse and administrator of the estate of Robert A. Biddle, retained appellees to represent her in a medical malpractice action against Mary Beth Williams, M.D., Robert L. Stader, M.D., Emergency Professional Services, Inc., and Trumbull Memorial Hospital. The case was scheduled for trial on January 8, 2001, but was continued until April 16, 2001. The record, however, shows that on March 30, 2001, appellant's attorney advised the trial court that the parties had settled the case. When neither appellant nor her attorney took any further action, the defendants filed a motion to dismiss for failure to prosecute. The trial court considered their motion, and on June 7, 2001, dismissed appellant's case.
 {¶ 3} On June 26, 2002, appellant filed a complaint against appellees alleging that they had committed legal malpractice in representing her.[1] She claimed that appellees had failed to keep her properly informed of the case's progress, and concealed the fact that they had advised the trial court the case was settled.
 {¶ 4} Specifically, appellant maintained that after the court continued the January 2001 trial date, she did not hear from appellees until April 2001. At that time, she called Leuchtag after viewing the trial court's docket on the Internet and discovering a pretrial of which she was unaware. Leuchtag told appellant that the trial court had cancelled the pretrial before he had an opportunity to contact her. Three months later, on July 3, 2001, appellant again looked at the trial court's docket on the Internet and saw that the court had dismissed her case the previous month. Despite her repeated attempts to contact Leuchtag to ask him about the dismissal, appellant claimed that Leuchtag never returned any of her calls.
 {¶ 5} After submitting an answer, appellees filed a motion for summary judgment arguing that the statute of limitations barred appellant from pursuing a claim for legal malpractice because she did not file her complaint within one year after the cause of action had accrued. According to appellees, appellant should have filed her claim within one-year after the trial court dismissed the underlying case on June 7, 2001, as that was when litigation was at an end and the attorney-client relationship terminated.
 {¶ 6} Appellant maintained that the accrual date in this case was July 3, 2001, the date she viewed the docket for a second time and learned the trial court had actually dismissed her medical malpractice case. Therefore, she argued that her claim was filed within one year after the cause of action accrued as the complaint was filed on June 26, 2002.
 {¶ 7} On February 11, 2003, the trial court issued a decision granting summary judgment to appellees. In doing so, the court found that "the fact that the case was marked settled and dismissed, and she was not advised of such would have put her on notice that there was some problem or concern." The trial court concluded that the statute of limitations began running in April 2001, when appellant admittedly reviewed the court's docket for the first time and should have noticed the March 30, 2001 entry indicating that the parties had settled the case.
 {¶ 8} From this decision granting appellees' motion for summary judgment, appellant filed a timely notice of appeal with this court. She now submits the following assignments of error for our review:
 {¶ 9} "[1.] The trial court erred to the prejudice of the Plaintiff-Appellant by granting Defendant's Motion for Summary Judgment.
 {¶ 10} "[2.] The trial court erred to the prejudice of the Plaintiff-Appellant by failing to grant her Motion for Relief from judgment based upon additional evidence, properly filed with the court, that undercut the express basis for its original summary judgment."
 {¶ 11} In her first assignment of error, appellant argues that the trial court erred in granting summary judgment to appellees. She maintains that in determining when the statute of limitations began to run, the court only considered the issue of when she was put on notice litigation was terminated and did not address the question of when the attorney-client relationship concluded. Accordingly, she contends that there is a genuine issue of material fact with respect to the accrual date under R.C. 2305.11(A).
 {¶ 12} Before considering the merit's of appellant's appeal, we note that the only question before us is whether the trial court properly granted summary judgment to appellees on the issue of when the statute of limitations began to run. Because appellees did not challenge the validity of appellant's underlying cause of action for legal malpractice, this court will not address her claim at this time.
 {¶ 13} Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C);Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12.
 {¶ 14} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 15} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher at 293.
 {¶ 16} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 17} R.C. 2305.11(A) provides that a party must bring a claim for legal malpractice within one year after the cause of action accrued. To assist in determining when a cause of action accrued, the Supreme Court of Ohio has held the following:
 {¶ 18} "Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." Zimmiev. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, syllabus.
{¶ 19} Here, the trial court found that when appellant first viewed the docket in April 2001, she should have discovered that her attorney had informed the court the case was settled. However, the record does not support the court's conclusion that "the case was marked settled and dismissed" at that time. The March 30, 2001 entry referred to by the trial court only indicated that "COUNSEL ADVISED CASE SETTLED." The case was not actually dismissed until June 2001. Therefore, in April 2001, there was no termination of the litigation. The matter was still pending and the attorney-client relationship was necessarily ongoing.
 {¶ 20} That conclusion, however, does not end our inquiry. As we noted earlier, the statute of limitations does not begin to run untileither a cognizable event occurs or the attorney-client relationship terminates, whichever is later. The issue of "when an attorney-client relationship for a particular undertaking or transaction has terminated is necessarily one of fact." Omni-Food Fashion, Inc. v. Smith
(1988), 38 Ohio St.3d 385, 388. See, also, Trickett v. Krugliak,Wilkins, Griffiths Dougherty Co., L.P.A. (Oct. 26, 2001), 11th Dist. No. 2000-P-0105, 2001-Ohio-3927, 2001 Ohio App. LEXIS 4806, at 7.
 {¶ 21} In the case at bar, the trial court did not dismiss appellant's original action until June 7, 2001. Consequently, as a matter of law, neither the litigation nor the attorney-client relationship had terminated in April 2001 even if appellant was aware of the March 30, 2001 entry indicating a settlement. A notice of settlement does not end litigation unless it also contains a dismissal.
 {¶ 22} Appellees argue that appellant waived any argument concerning when the attorney-client relationship terminated because she failed to raise this issue with the trial court. This is simply not an accurate statement of the law. As an appellate court, we review an award of summary judgment de novo and without deference to the trial court's determination. Pishotti v. Hanna, 11th Dist. No. 2002-T-0056, 2003-Ohio-4227, at ¶ 10, quoting Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711.
 {¶ 23} Moreover, summary judgment can only be granted when the moving party is entitled to judgment as a matter of law. In the case at bar, the uncontroverted facts show that appellant had no reason to believe that her case had been dismissed when she viewed the docket in April 2001, or that the attorney-client relationship had ceased.
{¶ 24} Even if appellant should have been aware in April 2001 that something was wrong, Leuchtag's response to her questioning led her to believe that the case was still active. Appellees subsequently never advised appellant of the June 7, 2001 dismissal. After seeing the dismissal on the trial court's docket on July 3, 2001, she claimed that she telephoned Leuchtag, to ask him what happened. He refused to return her calls.
 {¶ 25} With the foregoing in mind, we simply cannot adopt appellees' position in this case, i.e., that June 7, 2001, the actual dismissal date, represented the end of the attorney-client relationship. To do so, would mean that the statute of limitations would have begun to run while the client's attorney continued to lead her to believe that the case was ongoing. It was only because appellant chose to check the trial court's docket again on July 3, 2001, that she learned the court had dismissed her case the previous month.
 {¶ 26} By actively concealing the existence of their misconduct through deception and avoidance, an attorney cannot toll the running of the statute of limitations. To hold differently would "potentially encourage an unscrupulous attorney to conceal his or her malpractice until that time when the statute of limitations has run its course."Omni-Food Fashions at 387.
 {¶ 27} Our review of the trial court's decision to award summary judgment to appellees shows that the court never addressed the issue of whether the attorney-client relationship terminated before or after the dismissal on June 7, 2001. As previously discussed, the case was not dismissed in April 2001 as indicated by the trial court. Moreover, there are facts in the record which suggest that appellant had no knowledge of any dismissal until July 3, 2001, which is obviously later than the actual date, June 7, 2001, on which the trial court dismissed the case. If appellant's submissions are believed, her complaint was timely filed on June 26, 2002. Accordingly, based on appellees' claimed responses that misled appellant as to the actual status of the case, we conclude that there is a genuine issue of material fact concerning the sole issue of when the statute of limitations began to run. Appellant's first assignment of error has merit.
 {¶ 28} Given our disposition of appellant's first assignment of error, any analysis with respect to her second assignment of error would be moot. The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent with this opinion.
Diane V. Grendell and Cynthia Westcott Rice, JJ., concur.
[1] Although appellant originally named Dennis Zapka as a defendant, she later voluntarily dismissed him from the case.