CICCHINI, Appellant,

v.

STREZA et al., Appellees.

[Cite as *Cicchini v. Streza,* 160 Ohio App.3d 189, 2005-Ohio-1492.]

Court of Appeals of Ohio,
Fifth District, Stark County.

No. 2004CA00220.

Decided March 28, 2005.

Andres J. Michaels and Daniel J. McGown, for appellant.

Weston Hurd Fallon Paisley & Howley, L.L.P., Shawn W. Maestle, and Ronald A. Rispo, for appellee.

WISE, Judge.

{¶ 1} Appellant, Guy Cicchini, appeals the decision of the Stark County Court of Common Pleas, that granted summary judgment, in a legal-malpractice action, in favor of appellees, Ralph Streza, Natalie Peterson, and Porter, Wright, Morris & Arthur, L.L.P ("Porter Wright"). The relevant facts leading to this appeal are as follows.

{¶ 2} In 1995, Mary Ann Galmish filed a complaint alleging breach of contract, breach of a duty of good faith, and fraud against Cicchini, her former husband, pertaining to a dispute over commercial real estate on Dressler Road in Jackson Township, Stark County. The matter proceeded to a jury trial. The breach-of-contract and fraud claims were presented to the jury, resulting in a verdict in favor of Galmish for $492,000 in compensatory damages, $1,000,000 in punitive damages, and attorney fees.

{¶ 3} Appellant thereafter appealed to this court, raising six assignments of error. Appellant decided to hire new appellate counsel in lieu of the attorney who had represented him during the aforesaid trial. Appellant was, for a time, represented on appeal by Porter Wright partner (now Judge) Richard Markus, who retired from the firm during the pendency of the appeal. Streza then took over the case, with the assistance of Peterson.

{¶ 4} This court, made up of three judges from the Ninth District sitting by assignment, issued a decision on June 2, 1999, finding appellant's first assigned error dispositive of the case and reversing the judgment of the trial court. See *Galmish v. Cicchini* (June 2, 1999), Stark App. Nos. 97CA00326 and 97CA00403, 1999 WL 365556.

{¶ 5} Galmish subsequently filed a notice of appeal to the Ohio Supreme Court. Appellees, on behalf of Cicchini, filed a brief in opposition to jurisdiction, but did not file a cross-appeal or any cross-assignments of error. On October 27, 1999, the Ohio Supreme Court accepted the case as a discretionary appeal, with two justices dissenting. See *Galmish v. Cicchini* (1999), 87 Ohio St.3d 1431, 718 N.E.2d 448. On September 20, 2000, the Ohio Supreme Court, in a four-to-three decision, reversed the judgment of this court and reinstated the trial court's judgment in favor of Galmish. See *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 734 N.E.2d 782.

{¶ 6} On October 1, 2002, appellant filed a complaint in the Stark County Court of Common Pleas, alleging legal malpractice by appellees in their representation during the aforesaid appeal to the Ohio Supreme Court. Appellees answered and

filed a counterclaim, seeking attorney fees. On January 20, 2004, appellees filed a joint motion for summary judgment on the basis that appellant's claims were outside of the statute of limitations. On March 9, 2004, the trial court issued a decision granting summary judgment in favor of appellees. Appellees thereafter dismissed their counterclaim, following which appellant filed a notice of appeal as to the grant of summary judgment. He herein raises the following five assignments of error:

{¶ 7} "I. The trial court erred in granting summary judgment based upon the statute of limitations in a legal malpractice case without first determining what acts or omissions constituted malpractice if proven.

{¶ 8} "II. In the absence of a determination as to what acts or omissions, if any, would have constituted malpractice, if proved, the trial court erred when it determined that a 'cognizable event' had occurred.

{¶ 9} "III. Where the merits of the underlying legal malpractice case had not been briefed or argued, the trial court erred in concluding that acts constituted cognizable events of malpractice which even the defendants themselves argued did not constitute malpractice.

{¶ 10} "IV. Summary judgment was inappropriate since genuine issues of material fact exist requiring resolution by the trier of facts, in this case, the jury.

{¶ 11} "V. Summary judgment was inappropriate since expert opinion evidence was before the court as to the legal malpractice act and evidence was before the trial court as to the time of discovery of the legal malpractice act by plaintiff, Guy Cicchini, being May, 2002."

## Assignments of Error I, II, III, IV, and V

{¶ 12} In appellant's first, second, third, fourth, and fifth assignments of error, which are argued together in his brief, appellant contends that the trial court erred in granting summary judgment in favor of appellees. We disagree.

{¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court did. *Smiddy v. The Wedding Party,* Inc. (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 506 N.E.2d 212.

{¶ 14} Therefore, we must refer to Civ.R. 56, which provides: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only

therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

{¶ 15} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

{¶ 16} In his brief, appellant argues that "[w]ithout implying any criticism whatever, it was demonstrably the case that Justices Sweeny [sic], Resnick, Douglas and Pfeifer were more philosophically inclined toward the types of viewpoint urged by the Ohio Academy of Trial Lawyers ('OATL') than those of persons situated such as Cicchini." [1] Appellant further argues that appellees "did not advise Cicchini that the substantially greatest likelihood was that Justice Resnick, Justice Sweeney, Justice Douglas and Justice Pfeifer would accept the argument urged by the Ohio Academy of Trial Lawyers and reverse the decision of the Court of Appeals." Appellant contends that appellees' alleged failure to so advise him prevented a possible settlement of the matter before the Ohio Supreme Court's decision reversing the appellate ruling.

{¶ 17} In the case sub judice, the trial court granted summary judgment on the basis of appellant's complaint being filed outside of the one-year statute of limitations for a legal-malpractice action. The determination of the date a cause of action for legal malpractice accrues is a question of law reviewed de novo by an appellate court. *Whitaker v. Kear* (1997), 123 Ohio App.3d 413, 420, 704 N.E.2d 317. We have conducted a de novo review of the record accordingly and therefore need not delve into the above suspect case theory suggested by appellant. An appellate attorney may have a duty to research how a particular judge has ruled on a given issue of law, but that duty is a far cry from requiring an attorney to analyze and predict the philosophical inclinations of the judges of

---

1. Appellant emphasizes at various points in his brief that OATL filed an amicus curiae brief with the Ohio Supreme Court in *Galmish v. Cicchini.*

the Ohio Supreme Court as a component of effective appellate representation, which appellant seems to propose.

{¶ 18} Turning to an analysis of the statute of limitations, under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. *Zimmie v. Calfee, Halter & Griswold* (1989), 43 Ohio St.3d 54, 538 N.E.2d 398, syllabus. A "cognizable event" is an event sufficient to alert a reasonable person that his attorney has committed an improper act in the course of legal representation. *Asente v. Gargano,* Franklin App. No. 04AP–278, 2004-Ohio-5069, 2004 WL 2803417, ¶ 14, citing *Spencer v. McGill* (1993), 87 Ohio App.3d 267, 278, 622 N.E.2d 7. "The 'cognizable event' puts the plaintiff on notice to investigate the facts and circumstances relevant to his or her claim in order to pursue remedies, and the plaintiff need not have discovered all of the relevant facts necessary to file a claim in order to trigger the statute of limitations." Id., citing *Flowers v. Walker* (1992), 63 Ohio St.3d 546, 549, 589 N.E.2d 1284.

{¶ 19} The gist of appellant's present contention is that he was not aware of appellees' alleged malpractice until May 2002, when he met with attorney Andrew J. Michaels, when, as appellant claims, "I learned that there was a relationship between the voting patterns of Justices Sweeny [sic], Resnick, Douglas and Pfeifer and participation by the Ohio Academy of Trial Lawyers * * *." However, appellant's own deposition testimony reveals the following:

{¶ 20} "Q. You were aware the Supreme Court had decided the case against you and that there was a possibility that campaign contributions by the Ohio Academy of Trial Lawyers and/or Mr. Ray or Mr. Zavarello influenced the decision?

{¶ 21} "A. Possibly.

{¶ 22} "Q. And that was as of November or December 2000?

{¶ 23} "A. Right."

{¶ 24} Appellant's deposition also includes the following:

{¶ 25} "Q. Okay. Now, I'd like to call your attention to the fact that Exhibit 1 and copies of your Complaint * * * contains [sic] an assertion at paragraph 16A through H of the items which you consider to be errors and omissions on the part of your attorneys Porter, Wright, Morris & Arthur and in paragraph B on page— do you have paragraph B there?

{¶ 26} "A.  B, yes.

{¶ 27} "Q.  You said that they failed to advise you of the disposition or predisposition of four of the seven Ohio Supreme Court Justices toward support of the plaintiff's actions or judgments.

{¶ 28} "You learned that as early as November of 2000, didn't you?

{¶ 29} "A.  Of, yes, but that was after the trial."

■ {¶ 30} The practical effect of the Ohio Supreme Court's decision in *Galmish v. Cicchini* on appellant is clear:  a verdict against him of over $1,000,000 was reinstated.  The foregoing deposition testimony reveals that any alleged malpractice claims based on his "voting pattern" theory would have occurred no later than the end of 2000.  "Constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." *Nicholas v. Deal,* Butler App. No. CA2002–10–2421, 2003-Ohio-7212, 2003 WL 23095470, citing *Flowers,* supra.  Furthermore, we have held that a nonmoving party cannot defeat a motion for summary judgment by creating an issue of fact through a contradictory affidavit.  See, e.g., *Gutlove v. Fisher Foods, Inc.* (Nov. 20, 2000), Stark App. No. 2000CA00098, 2000 WL 1727103.  Therefore, we hold appellant's legal-malpractice claim filed in October 2002 was appropriately denied via summary judgment as a matter of law.

{¶ 31} Appellant's first, second, third, fourth, and fifth assignments of error are overruled.

{¶ 32} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

Judgment affirmed.

WILLIAM B. HOFFMAN, P.J., and FARMER, J., concur.