NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0453n.06
Filed: June 27, 2007

No. 05-4279

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES |
| | ) | DISTRICT COURT FOR THE NORTHERN |
| RONALD MERKOSKY, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Before: DAUGHTREY and MOORE, Circuit Judges; and SHADUR, District Judge.[*]

**Shadur, District Judge.** Ronald Merkosky ("Merkosky") was originally convicted by a

jury and then sentenced in November 2002, when the federal Sentencing Guidelines

("Guidelines") were still thought to be mandatory, to concurrent terms of imprisonment of 135

months on a count of possession with intent to distribute pseudoephedrine under 21 U.S.C.

§841(d)(2)[1] (Count Two) and of 36 months on a count of failing to keep a record or make a

report under 21 U.S.C. §843(a)(4)(A)(Count Three). Merkosky appealed his convictions to this

Court, which affirmed the convictions but reversed and remanded his case for resentencing after

finding plain error in the district court's decision because of its understandable failure to have

---

[*] The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] That section has since been modified and is now found at 21 U.S.C. §841(c)(2).

anticipated the remedial holdings of *United States v. Booker*, 543 U.S. 220 (2005) and of such post-*Booker* cases as *United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005), all of which had since held that the Guidelines were merely advisory.

On remand the district court resentenced Merkosky to a prison term of 130 months on each of the two counts, thus reducing the sentence on Count Two by 5 months while increasing the sentence on Count Three by 94 months. Merkosky now appeals the district court's resentencing decision, challenging the use of judicial factfinding to arrive at his sentence. Merkosky also urges that we find he was denied effective assistance of counsel. For the reasons stated hereafter, the district court's decision is affirmed as to Count Two and reversed (and the sentence is reduced) as to Count Three, while we decline to entertain Merkosky's ineffective assistance of counsel claim.

*Standard of Review*

As we have recently articulated in *United States v. Kosinski*, 480 F.3d 769, 774 (6th Cir. 2007) (internal citations omitted):

> This Court reviews a sentence imposed by a district court for reasonableness. The Court reviews the district court's interpretations of the sentencing guidelines *de novo* and its factual findings for clear error.

We will examine the district court's post-remand determination in those terms.

*Background*


Another panel of this Court detailed the relevant facts of this case on Merkosky's first

appeal (*United States v. Merkosky*, 135 F. App'x 828, 830-32 (6th Cir. 2005)). Because this

opinion is not being published in full text and because we can assume familiarity with the earlier

opinion, we see no need to recount once again the proof at trial or the initial sentencing

proceedings. It suffices for purposes of the present appeal to note that the district court originally

calculated Merkosky's base level offense at 30 "based on facts that were neither proved to a jury

beyond a reasonable doubt nor admitted by Merkosky himself" (*Merkosky*, 135 F. App'x at 836),

and that calculation was left unchanged by the district court following the remand.


During the post-remand resentencing hearing, the district court engaged Merkosky's

counsel in numerous critical discussions about his strategy. For example, at one point the district

court commented:**[JA 263]**


> But the better course I would have thought for you would not have been to come
> in and argue [the merits of the convictions]. I would have thought the better
> course for you would have been to come in and argue the factors under [18 U.S.C.
> §] 3553. But I find you do your client a disservice and he does himself a
> disservice by coming in here and arguing the weight of the evidence argument.


Shortly after that, the district court similarly observed to counsel that Merkosky "could have

made [a different type of] argument and perhaps gotten himself a lesser sentence, but instead, he,

really at your encouragement, with your encouragement, comes in and basically argues again that

he's not responsible for anything." **[JA 264]** Those asserted failures form the basis of

3

Merkosky's ineffective assistance of counsel claim.

At the same time, and despite those criticisms, the district court itself reviewed the statutory criteria under 18 U.S.C. §3553(a)("Section 3553(a)") in arriving at the new sentences imposed on Merkosky. It is against that background that we proceed with our present review.

*Resentencing Decision*

*Booker*, 543 U.S. at 244 reaffirmed the Supreme Court's earlier holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in these terms:

> Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*Booker*, *id.* at 232 (internal quotation marks omitted) had earlier reconfirmed that a criminal defendant has the right to have a jury find the existence of any fact essential to his punishment, and "[t]hat right is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant."

We need not, however, look to those principles to reject the district court's inexplicable upward ratcheting of the sentence on the false records charge beyond the statutory maximum of 48 months' imprisonment, for of course no court can thus go above the ceiling set by Congress. Because that sentence cannot stand, and because the sentences on the two counts run

concurrently, a remand for resentencing on Count Three is unnecessary.  Instead we order that Merkosky's concurrent sentence under 21 U.S.C. § 843(a)(4)(A) be reduced to the statutory maximum of 48 months' imprisonment, against which of course he is entitled to credit for any time already served.[2]

As for Merkosky's ultimate sentence of 130 months on the possession with the intent to distribute charge under what was then 21 U.S.C. § 841(d)(2), that level is well under the statutory maximum of 240  months.  As such cases as *United States v. Flores*, 477 F.3d 431, 438 (6th Cir. 2007) have explained, "*Apprendi* is not triggered so long as the judicial findings of fact do not result in the defendant receiving a sentence that exceeds the statutory maximum" (a principle, it will be recalled, that was reaffirmed in *Booker*).  In this instance the district court went through the factors enumerated in Section 3553(a) and "articulate[d] its reasoning in deciding to impose a sentence in order to allow for reasonable appellate review," as dictated by *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir.2005).  That process produced a modest reduction from the originally imposed 135-month sentence, and our review confirms that the ultimate sentence of 130 months is reasonable, to say nothing of its not being "plainly unreasonable" (as to the precise appellate criterion that we are obligated to apply, see the discussion in *Kirby, id*. at 625 n.3).  Accordingly

---

[2]  Based on the district court's review and analysis of the Section 3553(a) factors, we do not consider its sentencing decision as to Count Two to have been tainted by the earlier-identified error as to Count Three.  Indeed, all the district court said during the sentencing hearing was that Merkosky "be committed to the custody of the Bureau of Prisons for a term of 130 months," **[JA 267]** without specifying the count or counts on which that sentence was imposed.  It was the later amended judgment and commitment order that erroneously applied that term to each count.

that sentence is affirmed.


*Ineffective Assistance of Counsel Claim*


We "traditionally address ineffective-assistance claims on collateral review" unless there is a good reason to depart from that practice (*United States v. Bradley*, 400 F.3d 459, 460 (6th Cir. 2005)). *Bradley, id.* at 461-62 (citations and internal quotation marks omitted, brackets and ellipsis in original), explains why a direct appeal does not ordinarily provide the most appropriate forum for adjudicating an ineffective assistance of counsel claim:

> As in most direct appeals, however, the record contains scant information regarding the preparation of Bradley's trial counsel or his communications with Bradley about this or any other issue. That is why in most cases a motion brought under [28 U.S.C.] §2255 is preferable to direct appeal for deciding claims of ineffective assistance. Because [t]he evidence introduced at trial...will be devoted to issues of guilt or innocence, the resulting record [on direct appeal] in many cases will not disclose the facts necessary to decide whether trial counsel was ineffective. And [t]he appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse.

Accordingly *Bradley* declined to hear an ineffective assistance of counsel claim, quoting the teaching in *Massaro v. United States*, 538 U.S. 500, 504 (2003) that "[i]neffective assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) similarly declined to depart from the general rule because "the present record contains no evidence whatsoever concerning

6

Sanders's trial counsel's reasons" for the decisions he made, "nor does it permit a thorough evaluation of the prejudice, if any, resulting from this alleged shortcoming."

In this instance those considerations operate in a somewhat different but closely related way. On the present appeal we have only the transcript from the resentencing hearing, during which the district court criticized counsel's performance, identifying what would have been the "better course" for counsel to have pursued during the sentencing hearing. But we cannot tell--as the district court surely can--whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the second prong of the analysis taught by the seminal opinion in this area of the law, *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). In terms of the remarks made by the district court during the resentencing, it would really call for speculation on our part if we sought to evaluate the degree (if any) to which counsel's actions may have resulted in such prejudice to Merkosky. Plainly the far better vehicle for that purpose is a motion before the district court under 28 U.S.C. §2255. We therefore decline to entertain Merkosky's ineffective assistance of counsel claim.

*Conclusion*

We **REVERSE** the judgment of the district court and reduce Merkosky's sentence on the Count Three false records charge to 48 months (for which purpose we **REMAND** the case so that the district court may enter an amended judgment and commitment order). We **AFFIRM** Merkosky's sentence on the Count Two possession with intent to distribute charge. Finally, we

decline to entertain his ineffective assistance of counsel claim.