OPINION
{¶ 1} Appellant, Ronald J. Merkosky, appeals from the January 25, 2008 judgment entry of the Lake County Court of Common Pleas, which granted summary judgment in favor of appellee and denied appellant's motion for leave to amend his complaint because as a matter of law appellant failed to file his claims of legal malpractice within the one year of statute of limitations as set forth in R.C. 2305.11(A). For the following reasons, we affirm. *Page 2 
 {¶ 2} Substantive and Procedural History
 {¶ 3} Appellant ("Mr. Merkosky") filed a complaint in the Lake County Court of Common Pleas on January 8, 2007, alleging legal malpractice against appellee, Mr. Neil Wilson ("Mr. Wilson"), who represented Mr. Merkosky in a federal trial where Mr. Merkosky was convicted by a jury and sentenced for possession with intent to distribute pseudoephedrine in violation of 21 U.S.C. 841(d)(2), and furnishing false or fraudulent sales in violation of 21 U.S.C. 843(a)(4)(A).
 {¶ 4} Mr. Merkosky was subsequently charged after pseudoephedrine was seized from a suspected methamphetamine lab in Pasadena, California, that was shipped from his store, National Novelty, which was a wholesale distributor of pseudoephedrine. An investigation revealed that a number of Mr. Merkosky's alleged sales were never conducted, and that he listed fictitious purchasers and quantities in his records.
 {¶ 5} Following his sentencing and at Mr. Merkosky's request, Mr. Wilson filed a motion to withdraw as Mr. Merkosky's counsel on October 1, 2002. The federal district court granted Mr. Wilson's motion to withdraw on October 30, 2002.[1] *Page 3 
 {¶ 6} Mr. Merkosky alleged in his complaint that Mr. Wilson "breached his duty by failing to review evidence and conduct an investigation" of potentially exculpatory evidence and that Mr. Wilson failed to assert that he did not have the requisite mens rea to commit the crime. Thus, he claims that as a result of Mr. Wilson's negligence, the jury found him guilty.
 {¶ 7} Mr. Wilson filed a motion for summary judgment on May 23, 2007, asserting that he was entitled to judgment as a matter of law because Mr. Merkosky failed to timely file his legal malpractice claim, and thus his claim was barred by the one-year statute of limitations. Mr. Wilson asserted that Mr. Merkosky filed the present action on January 8, 2007, but that his legal malpractice claim accrued at the latest of the following dates: (1) October 30, 2002, the date that the federal district court granted Mr. Merkosky's motion to withdraw, (2) August 8, 2003, the date Mr. Merkosky filed his final appellate brief appealing his conviction to the Sixth Circuit Court of Appeals, in which he challenged the mens rea component of 21 U.S.C. 841(d)(2), or (3) August 23, 2003, the date Mr. Merkosky filed his motion for an order vacating sentence and granting a new trial, in which he argued that Mr. Wilson failed to introduce exculpatory evidence and effectively defend him. Thus, Mr. Wilson argued that Mr. Merkosky was aware of his claims for legal malpractice by the latest of these dates.
 {¶ 8} On July 10, 2007, Mr. Merkosky filed a motion to amend his complaint due to "newly discovered information" that was obtained from Mr. Wilson's answers to Mr. Merkosky's second set of discovery requests. This motion was actually a combination of motions, thus his motion to amend the complaint was titled "Plaintiff's Response to *Page 4 
the Defendant's Answers to Plaintiff's second set of discovery request; Plaintiff's motion to amend compliant; and Plaintiff's motion for summary judgment."
 {¶ 9} This "exculpatory evidence" concerned the grand jury testimony of Federal Agent Malasky ("Agent Malasky"). Mr. Merkosky contends that the grand jury testimony of Agent Malasky could have been used to impeach all of the "Arab store owners who testified against him." He further contends that Agent Malasky had access to one of Mr. Merkosky's computers prior to the execution of the search warrant of National Novelty that occurred in September 1999.
 {¶ 10} According to Mr. Merkosky, Mr. Wilson's answer to interrogatory question number 8, which he filed June 29, 2007, provided "newly discovered evidence" in that he answered "yes" to the question whether he "reviewed all the documents and transcripts you obtained from the government, including the jury minutes." Mr. Merkosky claims that this conflicts with his former appellate counsel, Mr. Richard Dana's statement that Mr. Wilson has "no independent memory of the grand jury testimony of Agent Malasky." Mr. Dana concluded from this lack of memory that "either the United States Attorney did not turn over this exculpatory information in a timely manner to trial counsel, or trial counsel failed to perform a thorough review of the file to adequately represent Mr. Merkosky."
 {¶ 11} In response, Mr. Wilson argued in his brief in opposition that he filed on July 30, 2007, that Mr. Merkosky's motion should be denied because it was untimely filed, did not seek to add a new cause of action, and introduced no newly discovered evidence that supported his proposition that Mr. Wilson breached the standard of care. *Page 5 
Moreover, Mr. Merkosky failed to submit any expert testimony to support his claim and most crucially, failed to prove all three elements of legal malpractice.
 {¶ 12} On January 25, 2008, the court granted summary judgment in favor of Mr. Wilson after determining that Mr. Merkosky did not bring his claims before the statute of limitations expired. Specifically, the court determined that the attorney-client relationship terminated as of October 30, 2002, and that Mr. Merkosky was aware of his legal malpractice claims no later than August 23, 2005, when he filed his motion to vacate. The court further found that Mr. Merkosky failed his reciprocal burden of providing any evidence which creates a genuine issue of material fact, thus entitling Mr. Wilson to judgment as a matter of law.
 {¶ 13} On the same day, the court denied Mr. Merkosky's motion to amend his complaint. The court found that the proposed amended complaint would not change the ultimate result in the litigation and that it failed to set forth any new operative facts to support a new claim of legal malpractice against Mr. Wilson. The court further noted that Mr. Merkosky was seeking leave to amend his complaint not only on the basis of "newly discovered evidence," but to also change the date he discovered Mr. Wilson's malpractice to June 29, 2007, the date he received Mr. Wilson's response to his interrogatories. The court found that "Plaintiff's position that he discovered the malpractice six months subsequent to the filing of the Complaint alleging professional malpractice makes no logical sense." The court further declined to grant Mr. Merkosky summary judgment as a matter of law because Mr. Merkosky acknowledged that there were genuine issues of material fact as to whether Mr. Wilson properly utilized the grand jury testimony in representing Mr. Merkosky. The court reiterated that whether *Page 6 
there was a genuine issue of material fact was irrelevant since Mr. Merkosky did not bring his claims before the statute of limitations expired.
 {¶ 14} Mr. Merkosky timely appeals the court's denial of his motion for leave to amend and asserts one assignment of error:
 {¶ 15} "The Common Pleas Court errored [sic] by not permitting the Plaintiff to amend Complaint."
 {¶ 16} Standard of Review
 {¶ 17} "A trial court's ruling on a motion to amend a complaint is reviewed under an abuse of discretion." Karnofel v. Kmart Corp., 11th Dist. Nos. 2007-T-0036 and 2007-T-0064, 2007-Ohio-6939, ¶ 38, citingWilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122. An abuse of discretion involves more than an error of judgment but connotes that the trial court's attitude was unreasonable, unconscionable, or arbitrary. Id., citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} "Civ. R. 15(A) provides that, once a responsive pleading is made, a party may amend his pleading only by leave of court or by written consent of the adverse party." Id. at ¶ 39.
 {¶ 19} Leave to Amend and Complaint to Extend the Statute ofLimitations
 {¶ 20} In his sole assignment of error, Mr. Merkosky argues that he should have been granted leave to amend his complaint to include the newly discovered answer to interrogatory question number eight as the date of discovery of Mr. Wilson's alleged malpractice. Specifically, Mr. Merkosky asserts that on June 29, 2007, Mr. Wilson stated in his answer that he reviewed all of the documents and transcripts, including the *Page 7 
grand jury minutes. Mr. Merkosky alleges that this contradicts the statement of his former appellate counsel, Mr. Dana. Mr. Dana spoke with Mr. Wilson and afterwards reportedly relayed to Mr. Merkosky that Mr. Wilson had stated that he "had no independent memory of the Grand Jury testimony of Agent Malasky" even though the testimony was included in the case file that he gave to Mr. Dana. Mr. Merkosky thus argues that for purposes of statutory tolling, June 29, 2007 should be the date on which he discovered the alleged malpractice, which is, notably, six months after he filed his initial complaint. We agree with the trial court and do not find an abuse of discretion in failing to grant leave under these circumstances.
 {¶ 21} Pursuant to R.C. 2305.11(A), a party must bring a claim for legal malpractice within one year after the cause of action has accrued.Busacca v. Maguire Scneider, LLP, 162 Ohio App.3d 689, 2005-Ohio-4215, ¶ 19, citing Biddle v. Maguire Scneider, LLP, 11th Dist. No. 2003-T-0041, 2003-Ohio-7200, ¶ 17.
 {¶ 22} In interpreting this statute, the Supreme Court of Ohio has held:
 {¶ 23} "Under 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transactions or undertaking terminates, whichever occurs later." Id. at ¶ 20, citing Zimmie v. Calfee, Halter Griswold (1989),43 Ohio St.3d 54, syllabus.
 {¶ 24} A court may grant summary judgment on either of these accrual prongs. Shuler v. Amick (Sept. 29, 1993), 1st Dist. No. C-920446, 1993 Ohio App. LEXIS 4940, 3, citing, *Page 8 Zimmie at 58. Additionally, the attorney-client relationship may terminate by a communication that the relationship has ended. Smith v.Conley (2006), 109 Ohio St.3d 141. This communication can be oral. SeeWozniak v. Toridandel (May 29, 1997), 121 Ohio App.3d 221, 226. Mr. Merkosky requested Mr. Wilson to withdraw on or before October 1, 2002. The relationship ended on that date.
 {¶ 25} The Supreme Court of Ohio has also clarified that:
 {¶ 26} "For the purposes of determining the accrual date of R.C. 2305.11(A) in a legal malpractice action, the trial court must explore the particular facts of the action and make the following determinations: when the injured party became aware, or should have become aware, of the extent and seriousness of his or her alleged legal problem; whether the injured party was aware, or should have been aware, that the damage or injury alleged was related to a specific legal transaction or undertaking previously rendered him or her; and whether such damage or injury would put a reasonable person on notice of the need for further inquiry as to the cause of such damage or injury."Busacca at ¶ 22, quoting Omni Food Fashion, Inc. v. Smith (1988),38 Ohio St.3d 385, paragraph two of the syllabus.
 {¶ 27} In order to defeat Mr. Wilson's motion for summary judgment, Mr. Merkosky was required to prove that his claim was filed within the requisite one year statute of limitations. There is no question that the attorney-client relationship between Mr. Merkosky and Mr. Wilson was terminated on or before October 1, 2002, when Mr. Merkosky requested Mr. Wilson to withdraw and a motion to withdraw was filed by Mr. Wilson. *Page 9 
 {¶ 28} The inquiry next turns to whether a cognizable event occurred on a later date on which Mr. Merkosky discovered or should have discovered that his conviction in this case was due to the alleged negligence of Mr. Wilson. Because Mr. Merkosky filed his complaint on January 8, 2007, the cognizable event must have happened on or after January 8, 2006.
 {¶ 29} In his complaint, Mr. Merkosky alleged that Mr. Wilson failed to review "exculpatory evidence." Mr. Merkosky claims after trial, Merkosky's appellate counsel reviewed the case file and contacted Mr. Wilson to ask why he had not raised these issues. Mr. Merkosky also claims that Mr. Wilson was negligent in failing to "assert that Merkosky did not have the proper Mens-Rea to commit the crime, and that the statute unconstitutionally permitted the Government to prove a crime without proving intent."
 {¶ 30} In support of his motion for summary judgment, Mr. Wilson provided evidence that Mr. Merkosky was aware of both of these issues that form the basis of his legal malpractice claim no later than August 23, 2003. First, the appellate brief containing the mens rea argument was filed with the Sixth Circuit on August 3, 2003, and the court dismissed this argument, finding it to be without merit. Second, Mr. Merkosky argued in his motion for an order vacating sentence and granting a new trial on the ground that Mr. Wilson failed to adequately represent him and failed to introduce exculpatory evidence. This motion was filed on August 23, 2003. Thus, the latest cognizable event occurred on August 23, 2003, more than four years before Mr. Merkosky filed his legal malpractice claim.
 {¶ 31} Further, Mr. Merkosky failed to present the requisite expert testimony as to the alleged malpractice. Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, ¶ 47, *Page 10 
citing Brunstetter v. Keating, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, ¶ 16, citing Bloom v. Dieckmann (1983),11 Ohio App.3d 202, 203.
 {¶ 32} Thus, the trial court properly determined in its well-reasoned judgment entry that Mr. Wilson was entitled to judgment as a matter of law because "Defendant has presented evidence that Plaintiff knew of Defendant's alleged legal malpractice no later than August 23, 2005. Plaintiff has failed to meet his reciprocal burden of providing any evidence which creates a genuine issue of material fact."
 {¶ 33} On the same day the court granted summary judgment in favor of Mr. Wilson, the court also denied Mr. Merkosky's motion to amend and motion for summary judgment. Fundamentally, Mr. Merkosky alleged no new operative facts to support a new claim for malpractice against Mr. Wilson. As to Mr. Merkosky's argument of newly discovered evidence, the court found that "Plaintiff's position that he discovered the malpractice six months subsequent to the filing of the Complaint alleging professional malpractice makes no logical sense. Plaintiff's position is that he filed his Complaint six months prior to learning that Defendant had allegedly committed professional malpractice, and, therefore, his initial Complaint for malpractice actually had no legal basis. Under the circumstances, the Court declines to allow Plaintiff to amend his Complaint."
 {¶ 34} We cannot find the court abused its discretion in failing to grant leave to amend under these circumstances. Unrebutted evidence was presented by Mr. Wilson that Mr. Merkosky was aware of his claims no later than August 23, 2003, more than four years before he filed his legal malpractice claim, thus entitling Mr. Wilson to judgment as a matter of law. *Page 11 
 {¶ 35} Mr. Merkosky's assignment of error is without merit.
 {¶ 36} The judgment of the Lake County Court of Common Pleas is affirmed.
 {¶ 37} Costs to appellant.
CYNTHIA WESTCOTT RICE, J., TIMOTHY P. CANNON, J., concur.
[1] Mr. Merkosky subsequently appealed in United States v.Merkosky, (6th Cir. 2005), 135 Fed. Appx. 828. The Sixth Circuit Court of Appeals affirmed the district court overruling Mr. Merkosky's assignments of error as they related to sufficiency of the evidence, the mens rea component of 21 U.S.C. 841(d)(2), prosecutorial misconduct, and delay in charging the indictment. The court reversed, however, on Mr. Merkosky's challenge to his sentence, and remanded for resentencing in light of United States v. Booker (2005), 543 U.S. 220 and United Statesv. Oliver (6th Cir. 2005), 397 F.3d 369, 378. After this appeal, Mr. Merkosky filed in the district court a motion for an order vacating sentence and granting new trial, and a motion to amend his motion to vacate. The government, in response, filed a motion to strike Mr. Merkosky's motion to vacate sentence, and filed a motion to dismiss. The district court in United States v. Merkosky (N.D. Ohio 2006), No. 1:02CR168, 2006 U.S. LEXIS 37632, denied all the motions and found that an appeal from this decision could not be taken in good faith, and that there was no basis upon which to issue a certificate of appealability. In United States v. Merkosky (6th Cir. 2007), 237 Fed. Appx. 66, the Sixth Circuit Court of Appeals recently affirmed Mr. Merkosky's sentence on the possession with intent to distribute charge and declined to entertain his ineffective assistance of counsel of claim. Finally, the court reversed and reduced Mr. Merkosky's sentence on the false records conviction to forty-eight months. *Page 1