[Cite as *Andolsek v. Hurley*, 2018-Ohio-2451.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


YOLANDA ANDOLSEK,                    :         **O P I N I O N**

            Plaintiff-Appellant,          :

    - vs -                                      :         **CASE NO.  2017-L-108**

JOHN J. HURLEY, JR., et al.            :

            Defendants-Appellees.       :


Civil Appeal from the Lake County Court of Common Pleas, Case No. 2017 CV 000323.

Judgment:  Affirmed.


*Yolanda Andolsek,* pro se, 29236 Eddy Road, Willoughby Hills, OH  44092 (Plaintiff-Appellant).

*Timothy D. Johnson,* Cavitch, Familo & Durkin Co., L.P.A., 1300 East Ninth Street, 20th Floor, Cleveland, OH  44114 (For Defendants-Appellees).


CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Yolanda Andolsek, pro se, appeals the summary judgment of the Lake County Court of Common Pleas in favor of appellee, John J. Hurley, on appellant's claim for legal malpractice against him.  At issue is whether the trial court erred in finding that appellant's malpractice claim was time-barred and in entering summary judgment.  For the reasons that follow, we affirm.

**{¶2}** As a preliminary matter, we note that appellant's appellate brief does not comply with the Ohio Rules of Appellate Procedure because it does not contain a statement of facts supported by references to the record, in violation of App.R. 16(A)(6). In *Grein v. Grein*, 11th Dist. Lake No. 2009-L-145, 2010-Ohio-2681, the appellant in his brief failed to cite the record in support of his factual allegations, as required by App.R. 16(A)(6). This court stated:

> **{¶3}** It is well-settled that it is not the duty of an appellate court to comb the record in search of the evidence necessary to sustain an appellant's claimed error. * * * [I]t is not the duty of this court to search the record to find support for the arguments asserted by [appellant]. He has therefore failed to support this argument by reference to the record, and for this reason alone, his argument lacks merit. *Grein, supra*, at ¶50.

**{¶4}** Here, none of appellant's factual allegations is supported by reference to the record. Despite appellant's serious violation of App.R. 16(A)(6), we dispose of this case based on the undisputed facts, which are outlined herein. In February 2014, appellant hired Hurley, a partner in the law firm Nelson, Sweet, and Hurley, who regularly practiced in the probate courts of Lake and surrounding counties, to represent her as executrix of her father's estate. Appellant admits that Hurley represented her from February 2014 until July 2015.

**{¶5}** Appellant argues that in July 2014, the probate court issued the first of three notices to file the inventory. She argues that Hurley requested three continuances to file the inventory for the estate and that as of April 30, 2015, it still had not been filed.

**{¶6}** While appellant acknowledges that on April 30, 2015, Hurley sent her a letter advising her that he was withdrawing from his representation of her, she says that in July 2015, she fired Hurley and terminated their attorney-client relationship. She sent

him a letter in which she stated: "I excuse Mr. Hurley as my attorney in my father's estate case, 14 ES 0117. I no longer need your services." Thus, the trial court did not err in finding that "Hurley stopped representing [appellant] no later than July 2015."

{¶7} Appellant concedes that *she* "was continuously notified by the court to submit the inventory." She argues that in October 2015, she tried to file an inventory on her own in the probate court, but it was returned to her by the court unfiled. She maintains that, afterward, *she* "was repeatedly notified by the court holding [her] responsible for the inventory," but she repeatedly failed to file it.

{¶8} One month later, in November 2015, appellant submitted a grievance against Hurley to Disciplinary Counsel of the Supreme Court of Ohio, which she signed on November 18, 2015, alleging that she was filing a grievance against Hurley "for the service he performed handling [her] father's estate." She alleged that Hurley failed to file a suggestion of death that resulted in loss of money to the estate; that he gave her bad legal advice in handling her father's estate; and that "he should pay [her] for damages he caused." Appellant admitted in her grievance that Hurley no longer represents her. On December 4, 2015, Disciplinary Counsel sent a letter to appellant dismissing her grievance. In that letter, Disciplinary Counsel advised her that she could consult counsel about the possibility of pursuing a claim for legal malpractice against Hurley.

{¶9} On April 20, 2016, the probate court held a hearing regarding appellant's failure to file the inventory at which the court fined her $125 for this omission.

{¶10} On January 27, 2017, appellant filed a complaint for legal malpractice against Hurley in the Cuyahoga County Court of Common Pleas, alleging, inter alia, that he gave her bad legal advice in handling her father's estate and that he failed to follow

3

her instructions. Hurley filed a motion to transfer venue to the Lake County Court of Common Pleas and the Cuyahoga County Court granted the motion.

{¶11} On May 17, 2017, Hurley filed a motion for summary judgment supported by his affidavit and evidentiary materials, arguing appellant's legal malpractice claim was barred by the one-year statute of limitations for such claims. Appellant filed a "motion" in opposition supported by various documents. The trial court, in its summary judgment entry, noted that the materials attached to appellant's opposition to summary judgment were not sworn, certified, or authenticated by affidavit and thus could not be considered on summary judgment. However, the court based its decision on the facts in evidence. In granting summary judgment in favor of Hurley, the trial court found:

{¶12} Here, [appellant] has stated that Hurley's representation ended in July 2015. Even without that admission, she acknowledged in her submission to Disciplinary Counsel in November 2015 that the representation had already terminated. Further, [appellant's] submission to Disciplinary Counsel establishes that [appellant] was on notice to investigate the relevant facts and circumstances in order to pursue remedies, even if she was not yet aware of the full extent of her alleged injury. Accordingly, at the very latest [appellant's] cause of action accrued on November 18, 2015, when she signed the grievance, and the statute of limitations expired on November 17, 2016. [Appellant] did not file her complaint until January 27, 2017, and therefore her claim is barred by the statute of limitations.

{¶13} [Appellant] argues in her opposition that the statute of limitations did not begin to run until April 2016, when the probate court informed her that she needed to file an inventory. However, * * * [appellant] was already on notice to investigate when she submitted her grievance to Disciplinary Counsel, even if she was not aware of the potential inventory issue, and therefore the statute of limitations accrued on November 18, 2015, not in April 2016.

{¶14} Appellant appeals the trial court's summary judgment asserting the following for her sole assignment of error:

4

{¶15} "The trial court erred in determining when the statute of limitations accrued in her claim for legal malpractice."

{¶16} Appellate courts review a trial court's grant of summary judgment de novo. *Alden v. Kovar*, 11th Dist. Trumbull Nos. 2007-T-0114 and 2007-T-0115, 2008-Ohio-4302, ¶34.

{¶17} In order for summary judgment to be granted, the moving party must prove that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385 (1996).

{¶18} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The 'portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case." (Emphasis omitted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296 (1996).

{¶19} If the moving party satisfies its burden, then the nonmoving party has the burden to provide evidence demonstrating a genuine issue of material fact. If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E).

5

**{¶20}** With respect to a claim for legal malpractice, "R.C. 2305.11(A) provides that a party must bring [such claim] within one year after the cause of action accrued." *Biddle v. Maguire & Schneider, LLP*, 11th Dist. Trumbull No. 2003-T-0041, 2003-Ohio-7200, ¶17. In interpreting this statute, the Supreme Court of Ohio, in *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54 (1989), held:

> **{¶21}** Under R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run [1.] when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies or [2.] when the attorney-client relationship for that particular * * * undertaking terminates, *whichever occurs later*. (Emphasis added.) *Zimmie* at syllabus, applying *Omni Food Fashion, Inc. v. Smith*, 38 Ohio St.3d 385 (1988).

**{¶22}** "*Zimmie* and *Omni–Food* require two factual determinations: (1) When should the client have known that he or she may have an injury caused by his or her attorney? and (2) When did the attorney-client relationship terminate? The latter of these two dates is the date that starts the running of the statute of limitations." *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, ¶4.

**{¶23}** A "cognizable event" is an event sufficient to alert a reasonable person that his attorney has committed an improper act in the course of legal representation. *Spencer v. McGill*, 87 Ohio App.3d 267, 278 (8th Dist.1993). "[T]he focus should be on what the client was aware of * * *." *McDade v. Spencer*, 75 Ohio App.3d 639, 643 (10th Dist.1991). "The 'cognizable event' puts the plaintiff on notice to investigate the facts and circumstances relevant to his or her claim in order to pursue remedies, and the plaintiff need not have discovered all of the relevant facts necessary to file a claim in order to trigger the statute of limitations." *Asente v. Gargano*, 10th Dist. Franklin No.

6

04AP-278, 2004-Ohio-5069, ¶14, citing *Flowers v. Walker*, 63 Ohio St.3d 546, 549 (1992). The client need not be aware of the full extent of the injury before there is a cognizable event. *Asente, supra; Zimmie, supra*, at 58. "Rather, it is enough that some noteworthy event, the cognizable event, has occurred that does or should alert a reasonable person that a questionable legal practice may have occurred." *Asente, supra*, citing *Zimmie, supra*. A cognizable event is treated in terms of notice or awareness, and can be actual or constructive. *Flowers, supra.* Further, "constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." *Cicchini v. Streza*, 160 Ohio App.3d 189, 2005-Ohio-1492, ¶30 (5th Dist.).

{¶24} Alternatively, the termination of the attorney-client relationship depends on an affirmative act by either party that signals the end of the *relationship. Mastran v. Marks*, 9th Dist. Summit No. 14270, 1990 WL 34845, *4 (Mar. 28, 1990). *Accord Savage v. Kucharski*, 11th Dist. Lake No. 2005-L-141, 2006-Ohio-5165, ¶23; *Trickett v. Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A.*, 11th Dist. Portage No. 2000-P-0105, 2001 WL 1301557 (Oct. 26, 2001). The attorney-client relationship may terminate by a communication that the relationship has ended. *Merkosky v. Wilson*, 11th Dist. Lake No. 2008-L-017, 2008-Ohio-3252, ¶24. This communication can be written, as in a termination letter, or oral. *Savage, supra; Merkosky, supra*. The issue of when the attorney-client relationship is terminated is a question of fact. *Trickett, supra*, citing *Omni-Food, supra*, at 388. For a trial court to grant summary judgment based on the affirmative act of either party terminating the relationship, such "act must be clear and unambiguous, so that reasonable minds can come to but one conclusion from it." *Id.*

7

**{¶25}** The determination of the date a legal malpractice claim accrues is a question of law reviewed de novo by an appellate court. *Cicchini, supra, at ¶17*, citing *Whitaker v. Kear*, 123 Ohio App.3d 413, 420 (4th Dist.1997).

**{¶26}** Here, it is undisputed that the attorney-client relationship between appellant and Hurley ended in July 2015, when she sent him a letter in which she stated clearly and unambiguously that she was discharging Hurley as her attorney in her father's probate estate case and that she no longer needed his services. Appellant confirmed in her grievance, which she submitted to Disciplinary Counsel in November 2015, that Hurley no longer represented her.

**{¶27}** Further, it cannot reasonably be disputed that, more than one year before appellant filed the instant action, a cognizable event occurred that put her on notice to investigate the facts and circumstances relevant to her malpractice claim to pursue her remedies.

**{¶28}** Appellant argues that a cognizable event did not occur until April 2016, when she was fined $125 for not filing the inventory because this was the first time she learned she had sustained damage as a result of Hurley's alleged malpractice. Thus, she argues her complaint was filed within the one-year limitations period.

**{¶29}** However, appellant's grievance, which she signed on November 18, 2015, shows she clearly believed she had already been damaged by Hurley as a result of his (1) failure to file a suggestion of death regarding her father, which, she alleged, caused the estate to lose money, and (2) his alleged bad legal advice to her that she should step down from her position as executrix. Further, appellant alleged in her grievance that Hurley "really messed up the estate" and that he "should pay [her] for damages he

8

caused." These allegations demonstrate appellant's belief in late 2015 that Hurley had already engaged in legal malpractice and that she had already been damaged by him as a result of his representation of her in her father's estate case. Thus, as the trial court correctly found, she should have investigated Hurley's legal representation and timely pursued potential remedies at that time, even if she was not aware of the potential inventory issue. *Id.* at ¶26.

{¶30} It is worth noting that two other potentially cognizable events occurred in this case more than one year before appellant filed this action. First, in October 2015, appellant attempted (unsuccessfully) to file the inventory because she was aware that it was overdue and that Hurley had not filed it (although she believed it was Hurley's duty to do so). Second, on December 4, 2015, Disciplinary Counsel sent appellant a letter responding to her grievance, in which he advised appellant, as follows: "You * * * complain about the performance of Mr. Hurley as your attorney. * * * If you believe Mr. Hurley represented you poorly, you may consult counsel about the possibility of pursuing a legal malpractice action against him." Thus, Disciplinary Counsel's response to appellant's grievance also put her on notice to investigate the relevant facts and circumstances in order to pursue her available remedies, even if she was not yet aware of the full extent of her alleged damages.

{¶31} Here, appellant discharged Hurley and terminated the attorney-client relationship in July 2015. Further, a cognizable event occurred on November 18, 2015, the date on which appellant signed her grievance. Since this event took place after appellant discharged Hurley, appellant's cause of action accrued and the statute of limitations began to run on November 18, 2015, and the statute of limitations expired on

9

November 17, 2016. Since appellant did not file her complaint until January 27, 2017, the trial court did not err in finding that appellant's claim was time-barred and in granting Hurley's motion for summary judgment.

{¶32} For the reasons stated in this opinion, the assignment of error lacks merit and is overruled. It is the order and judgment of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.