[Cite as *In re Estate of Andolsek*, 2018-Ohio-1211.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| ESTATE OF: PAUL P. ANDOLSEK, DECEASED | : | **MEMORANDUM OPINION** |
| | : | |
| | | **CASE NO. 2017-L-151** |

Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 14 ES 0117.

Judgment: Appeal dismissed.

*Cory Hinton*, Hanahan & Hinton, LLC, 8570 Mentor Avenue, Mentor, OH 44094 (For Appellant).

*Russell J. Meraglio*, Reminger Co., L.P.A., 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115-1093 (Appellee).

DIANE V. GRENDELL, J.

{¶1} On September 23, 2016, appellant, Yolanda Andolsek, presented a lis pendens certification to the Lake County Probate Clerk of Courts against property located in Cuyahoga County. The Lake County Probate Clerk certified the lis pendens. Appellant recorded the lis pendens with the Cuyahoga County Recorder. In May of 2017, appellee, Russell J. Meraglio, Jr., Administrator of the Estate of Paul P. Andolsek, moved the trial court to cancel the lis pendens. In an October 31, 2017 entry, the trial court ordered that the lis pendens be cancelled and removed from the Recorder's records. In that entry, the trial court also discussed the request for a vehicle in the estate and ordered that the matter would be set for hearing upon the receipt of the amended motion to release vehicle. The instant appeal ensued.

{¶2} Appellee filed a motion to dismiss the appeal stating that the appealed entry does not constitute a final appealable order. Appellee alleges that the entry deals with multiple parties and two intertwined matters of the estate, and he contends that, since the entry does not resolve all of the issues, it is not final and appealable.

{¶3} Appellant filed a response in opposition to appellee's motion to dismiss. Appellant claims that the removal of the lis pendens "affects a substantial right in an action and in effect determines the action and prevents a judgment."

{¶4} Appellee filed a reply in support of his motion to dismiss. He alleges that there is no final appealable order because no substantial right was affected and appellant has other remedies available to obtain the property.

{¶5} Since this court may only entertain appeals from final judgments, we must determine whether a final appealable order exists. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a trial court's entry can only be immediately reviewed on appeal if it constitutes a "final order" in the action. *Wells Fargo Bank v. Lawes*, 11th Dist. Geauga No. 2014-G-3244, 2015-Ohio-1211, ¶ 6. If it is not final, then an appellate court has no jurisdiction to review it, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). A judgment that leaves issues unresolved and contemplates some further action is not a final appealable order. *In re Estate of Southard,* 192 Ohio App.3d 590, 594 (2011). A trial court's order is final and appealable, if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B*). Lawes*, *supra*, at ¶ 6.

{¶6} R.C. 2505.02(B) defines a "final order" and sets forth seven categories of appealable judgments, and if the trial court's judgment satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed this court.

2

{¶7} R.C. 2505.02(B) states:

{¶8} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶9} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶10} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶11} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶12} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶13} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶14} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶15} "(5) An order that determines that an action may or may not be maintained as a class action;

{¶16} "(6) An order determining the constitutionality of any changes to the Revised Code * * *;

{¶17} "(7) An order in an appropriation proceeding * * *."

{¶18} Here, the October 31, 2017 order does not fit within any of the categories for being a final order pursuant to R.C. 2505.02(B) and did not dispose of any claims. The trial court's entry leaves issues regarding the release of the vehicle unresolved and

contemplates that further action must be taken. Appellant will have a meaningful and effective remedy by way of an appeal after the trial court enters a final order.

{¶19} Accordingly, appellee's motion to dismiss is granted.

{¶20} Appeal dismissed.


CYNTHIA WESTCOTT RICE, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

4