[Cite as *Estate of Jones v. Jones*, 2024-Ohio-5768.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| ESTATE OF MOLLY ANN JONES, | **CASE NO. 2024-G-0020** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| JEREMY J. JONES, | Trial Court No. 2019 DC 000752 |
| Defendant-Appellant. | |

## O P I N I O N

Decided: December 9, 2024
Judgment: Affirmed

*Jill Friedman Helfman*, Taft, Stettinius & Hollister, LLP, 200 Public Square, Suite 3500, Cleveland, OH 44114, and *Dennis J. Ibold*, Ibold & O'Brien, 401 South Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*Joseph G. Stafford* and *Kelley R. Tauring*, Stafford Law Co., L.P.A., North Point Tower, 1001 Lakeside Avenue, Suite 1300, Cleveland, OH 44114 (For Defendant-Appellant).

*Eric J. Cherry*, N.P. Weiss Law, 3091 Mayfield Road, Suite 320, Cleveland Heights, OH 44118 (For Guardian ad Litem).

MARY JANE TRAPP, J.

{¶1} The instant case arises from the untimely death of Molly Jones ("Mrs. Jones"), who died before a final divorce decree was issued and, as relevant to this appeal, before the fees for the guardian ad litem (the "GAL") were allocated and paid. Appellant, Jeremy J. Jones ("Mr. Jones"), appeals from the judgment of the Geauga County Court of Common Pleas that granted the GAL's amended motion for attorney fees and ordered him to pay the GAL $10,587.50.

{¶2} Mr. Jones raises one assignment of error on appeal, contending the trial court erred as a matter of law and abused its discretion by granting the GAL's amended motion for fees without subject matter jurisdiction.

{¶3} After a careful review of the record and pertinent law, we find Mr. Jones' assignment of error to be without merit. In light of the particular and peculiar situation this case presents, we find the liability of the parties to pay the GAL's fees became fixed in the judgment entry appointing the GAL. Both parties paid a deposit, and both parties were aware of their future obligation to pay the cost. The GAL submitted her bill at the "conclusion" of the case and filed a motion to intervene in the instant appeal. Further, the trial court was free to allocate the fees between the estate of Mrs. Jones and Mr. Jones. We note the trial court did generally allocate all court costs to Mr. Jones in its judgment entry dismissing the case. We stress that our determination is narrow and that it has limited application other than to these unfortunate circumstances.

{¶4} The judgment of the Geauga County Court of Common Pleas is affirmed.

**Substantive and Procedural History**

{¶5} The parties were married in 2015, and one child was born as issue of the marriage. In September 2019, Mrs. Jones filed for divorce. Mr. Jones responded with an answer and a counterclaim for divorce.

{¶6} In early October 2019, Mrs. Jones filed a written motion for an appointment of a GAL, and several weeks later, the parties made a joint oral motion for a GAL to be appointed. The magistrate appointed a GAL via a magistrate's order. The order set forth the GAL's compensation at $125 per hour, ordered each party to deposit $750, and notified the parties that they would be subject to future sums in accordance with the GAL's

2

submission of bills to the parties' respective counsel, subject to orders of reimbursement by the court.

{¶7} After much delay, the final divorce trial began in the spring of 2022 and was set to resume in September 2022. In the interim, on July 2, 2022, Mrs. Jones died. On July 6, 2022, the day after Mr. Jones filed a notice of Mrs. Jones' passing, the court issued a judgment entry dismissing the divorce action and any pending motions that were filed by either party and assessing "all court costs" against Mr. Jones.

{¶8} In *Estate of Jones v. Jones*, 2023-Ohio-2115 (11th Dist.), Mr. Jones asked this court to determine the trial court's jurisdiction to issue judgment entries regarding a protection order for Mrs. Jones' healthcare records and granting the Special Master's motion for fees after dismissal of the divorce action. *Id.* at ¶ 2.

{¶9} We determined that the divorce action survived to enforce the fixed rights and liabilities of the parties, i.e., Mrs. Jones' right to have her healthcare records remain confidential and/or destroyed pursuant to a 2021 protection order and the required deposit for the Special Master's fees, which the court ordered Mr. Jones to pay in May 2021. *Id.* at ¶ 3.

### Motion for Guardian Ad Litem Fees

{¶10} In December 2022, the GAL filed an amended motion for guardian ad litem fees, requesting $10,585.50 in fees ($12,087.50 - $1,500 deposit). Attached to the GAL's motion was a billing history statement and an affidavit.

{¶11} Mr. Jones filed a motion to dismiss, contending the trial court was divested of jurisdiction upon the death of Mrs. Jones.

{¶12} The GAL filed a response in opposition, attaching an affidavit in which she averred that each party paid their respective deposit; it is her practice not to request

3

additional sums, as there is typically a reallocation or reimbursement at the conclusion of the matter; the parties were aware and on notice that GAL fees were charged at $125/hour and they were subject to future payments; and it would be inequitable to prevent the GAL from receiving compensation for services rendered, especially in a case that has spanned several years. The GAL further averred that she filed a claim for GAL fees against the estate of Mrs. Jones in the Geauga County Probate Court and that a determination by the trial court in this case was necessary for the probate court to be able to determine the amount (if any) of the claim to be paid.

{¶13} Mr. Jones filed a reply, reiterating the court lacked subject matter jurisdiction to decide the GAL's amended motion for fees.

## The Trial Court's Judgment

{¶14} In its judgment entry, the trial court reviewed that the GAL incurred a total of $12,087.50 in fees and that to date she was paid $1,500; thus, she was owed $10,587.50. The trial court found the GAL performed all necessary responsibilities and duties pursuant to Sup.R. 48.03,[1] and her fees were reasonable and appropriate pursuant to the factors set forth in Sup.R. 48.02(H)(1) and (3).

{¶15} The trial court, applying our decision in *Jones*, 2023-Ohio-2115 (11th Dist.), which held that an action to enforce fixed rights and responsibilities survives the death of one party in a divorce proceeding, found that the responsibility for payment of the outstanding GAL fees had not been resolved at the time of Mrs. Jones' death. The court found that it retained jurisdiction to issue an order pursuant to Sup.R. 48.02(H)(4) to

---

1. The trial court incorrectly and generically cited Sup.R. 48 throughout its judgment entry.

approve or deny the requested GAL fees and to allocate responsibility for the payment to one or more of the parties as appropriate.

{¶16} The court concluded that Mr. Jones was the responsible party and ordered him to pay the sum of $10,587.50 directly to the GAL within 30 days of the judgment.

{¶17} Mr. Jones raises one assignment of error for our review:

{¶18} "The trial court erred as a matter of law and abused its discretion in issuing a judgment entry granting the Guardian Ad Litem's Amended Motion for Fees without subject matter jurisdiction."

**Guardian Ad Litem Fees**

{¶19} In his sole assignment of error, Mr. Jones contends the trial court erred as a matter of law and abused its discretion because it acted without subject matter jurisdiction when it granted the GAL's amended motion for fees.

{¶20} In our consideration of Mr. Jones' assigned error, we must bear in mind that GAL fees are costs. As this court stated in *Jackson v. Herron*, 2005-Ohio-4039, ¶ 6 (11th Dist.), "[t]he Ohio Rules of Civil Procedure provide that, '[w]hen it is essential to protect the interests of a child, the court may . . . appoint a guardian ad litem . . . for the child and tax the costs.' Civ.R. 75(B)(2) . . . ." *See also Pappas v. Basile*, 2014-Ohio-5279, ¶ 17 (8th Dist.) (GAL fees, expert fees, and attorney fees are "litigation expenses" under R.C. 3105.73).

{¶21} "Subject-matter jurisdiction is the power of a court to entertain and adjudicate a particular class of cases." *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 19. "If a court possesses subject-matter jurisdiction, any error in the invocation or exercise of jurisdiction over a particular case causes a judgment to be voidable rather than void." *Id.*

5

{¶22} A determination whether a trial court has subject matter jurisdiction is a question of law that an appellate court reviews de novo. *Dilley v. Dilley*, 2017-Ohio-8439, ¶ 15 (11th Dist.).

{¶23} As we reviewed in *Jones*, 2023-Ohio-2115 (11th Dist.), "the provisions of R.C. 2311.21 generally provide that no action or proceeding pending in any court shall abate by the death of a party except actions for libel, slander, malicious prosecution, nuisance, or against a judge of a county court for misconduct of office. *Anderson v. Anderson*, 2017-Ohio-2827, . . . ¶ 15 (4th Dist.). While R.C. 2311.21 does not explicitly denote divorce actions, when one or both parties to a divorce case dies before the final decree, the action abates (because circumstances have achieved the primary objective sought). *Id.*; *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 99 . . . (1996)." *Id.* at ¶ 30.

{¶24} In *Jones*, we determined that the trial court continued to be empowered to enforce fixed rights and liabilities of the parties that were already determined, which in that case concerned the protection orders governing Mrs. Jones' healthcare records and the payment of the Special Master's deposit. *Id.* at ¶ 31.

{¶25} We explained that in *Coffman v. Finney*, 65 Ohio St. 61 (1901), the Supreme Court of Ohio found that "'while an action termed "personal," such as for divorce or for determination and order of an alimony award, abates upon the death of one party to the action, an *action which seeks to enforce fixed rights and liabilities*, such as an action to enforce alimony already awarded, survives the death of that party. The Supreme Court, therefore, established the determining factor with respect to issues of survival of an action to be *whether or not the action seeks to enforce fixed rights and liabilities.* This issue of *survival of an action* is separate and apart from the issue of *jurisdiction.*' (Emphasis sic.)

6

[*Diemer v. Diemer*, 99 Ohio App.3d 54, 60 (8th Dist. 1994)]. *See also Durgin v. Durgin*, 2013-Ohio-1897, ¶ 23-26 (8th Dist.) (temporary support order properly dismissed upon husband's death since no rights and obligation of the parties regarding spousal support had been fixed)." *Jones*, 2023-Ohio-2115, at ¶ 37 (11th Dist.).

{¶26} We recognize this case was abruptly dismissed without prejudice upon Mrs. Jones' untimely passing. The GAL was appointed upon the parties' joint oral motion in October 2019. Pursuant to the judgment entry appointing the GAL, the liability of the parties to pay for the GAL's services became fixed. Both parties paid a deposit, and both parties were aware of their future obligation to pay the costs. Further, the GAL averred that it is custom and practice to submit a final bill at the conclusion of a case, which normally occurs in or around the time the final divorce decree is issued. Unfortunately, the parties were in the middle of the divorce trial when Mrs. Jones passed away.

{¶27} In support of his argument, Mr. Jones cites *E.A.K.M. v. M.A.M.*, 2024-Ohio-967 (8th Dist.), *appeal accepted*, 2024-Ohio-2576. However, we find that case inapplicable since the procedural posture is distinguishable. Further, we note the Eighth District specified that "[o]ur holding is limited to the circumstances of this particular case." *Id.* at ¶ 24, fn. 6. In that case, the wife filed for a divorce, and the husband filed a counterclaim for a divorce several months later. *Id.* at ¶ 2. The parties requested a GAL, which the court appointed. *Id.* At the divorce trial, the mother made an oral motion to voluntarily dismiss her complaint, which the magistrate granted. *Id.* Neither of the parties nor the GAL filed objections to the magistrate's decision. *Id.* The mother subsequently filed a new complaint for divorce, as well as a motion to preserve all orders in the prior case. *Id.* at ¶ 3. After first granting the mother's motion, the trial court issued a judgment

7

entry, sua sponte, vacating the prior order and denying the mother's motion. *Id.* at ¶ 3, 4.

{¶28} The GAL filed a motion for fees for services rendered that included both the dismissed case and the subsequent divorce case. *Id.* at ¶ 5. The court granted the GAL's motion and allocated the fees between the parties. *Id.* The father appealed, and on reconsideration of its dismissal of the appeal, after noting the unusual circumstances, the Eighth District determined the order granting the GAL's fees constituted a final appealable order and allowed the GAL to intervene. *Id.* at ¶ 6.

{¶29} The Eighth District, in a 2-1 opinion, determined that the trial court was without jurisdiction to order payment of the GAL fees from the dismissed case in the subsequent case. *Id.* at ¶ 20. The majority emphasized:

{¶30} "Nothing herein should be construed as suggesting that the GAL could not be paid for his fees. The GAL had avenues to get his fees awarded. Loc.R. 35 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division(E)(3)(a), provides that '[t]he guardian ad litem shall submit a motion for payment at the conclusion of the case. The motion must itemize the duties performed, time expended, and expenses incurred.' Thus, the GAL could have filed an objection to the magistrate's December 2022 decision in the 2019 case dismissing the case and all pending motions as moot or the GAL could have appealed from the 2019 case." (Footnote omitted.) *Id.* at ¶ 21.

{¶31} The dissent noted that although a dismissal without prejudice is "bedrock law" in that such a dismissal "relieves the court of all jurisdiction over the matter and the action is treated as though it had never been commenced[,] . . . GAL fees are costs. . . . Costs are routinely determined after a case has been dismissed." *Id.* at ¶ 27, 28 (Ryan, J., dissenting).

8

{¶32} In this case, unlike in *E.A.K.M.*, and as the court in that case instructed, the GAL *did* submit a motion for fees in the trial court at what can only be construed as the "conclusion" of the case (albeit several months later), and she filed a motion to intervene in the present appeal. Further, the Geauga County Court of Common Pleas does not have a parallel rule to the Domestic Relations Division in the Cuyahoga County Court of Common Pleas. And, while in hindsight, there were actions the GAL could have taken to better protect her interest, it would be inequitable to apply the law "in such a hyper technical manner" so as to deny the GAL fees. *See E.A.K.M.* at ¶ 30 (Ryan, J., dissenting).

{¶33} Mr. Jones also cites this court's decision in *Latz v. Latz*, 2023-Ohio-3215 (11th Dist.). However, that case is also not on point since it concerned the trial court's retention of jurisdiction over guardian ad litem fees in a final entry of divorce, where the GAL had already withdrawn from the case and her motion for fees was granted and paid for by the parties. *Id.* at ¶ 8, 9, 11.

{¶34} We stress that our determination in the instant case is narrow and that it has limited application other than to the particular and peculiar circumstances herein.

{¶35} Mr. Jones' sole assignment of error is without merit.

{¶36} We now turn to the GAL's motion for attorney fees pursuant to App.R. 23.

{¶37} App.R. 23 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."

{¶38} This court has stated that "'[a]lthough App.R. 23 provides that reasonable expenses may be assessed against an appellant who brings a frivolous appeal, it does not define what constitutes such frivolity. Ohio courts, however, have construed a

9

frivolous appeal as one which presents no reasonable question for review. See, *e.g., Taylor v. Franklin Blvd. Nursing Home, Inc.* (1996), 112 Ohio App.3d 27, 32 . . .; *Talbott v. Fountas* (1984), 16 Ohio App.3d 226 . . . . This court has likewise endorsed this interpretation of App.R. 23. See, *e.g., Nozik v. Mentor Lagoons Yacht Club* (1996), 112 Ohio App.3d 321, 326 . . . .'" *Cominsky v. Malner*, 2004-Ohio-2202, ¶ 25 (11th Dist.).

**{¶39}** Pursuant to R.C. 2323.51(A)(2)(a), "frivolous conduct" has been defined as: "[c]onduct of . . . [a] party to a civil action . . . that satisfies any of the following:

**{¶40}** "(i) It obviously serves merely to harass or maliciously injure another party to the civil action . . . or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

**{¶41}** "(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

**{¶42}** "(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

**{¶43}** "(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."

**{¶44}** Further, the decision to award attorney fees is within the discretion of this court. *Cominsky*, 2004-Ohio-2202, at ¶ 26 (11th Dist.).

**{¶45}** In this case, Mr. Jones was aware of his future liability for the GAL costs when the GAL was appointed, courts costs were assessed to him in the trial court's judgment entry dismissing the case, and he lost his prior appeal challenging the trial

10

court's ability to allocate costs. Most fundamentally, Mr. Jones asserts a reckless argument that cannot be said to have been made in good faith and only served to cause the GAL to expend substantial fees to defend this appeal, which would only reduce or potentially eliminate her earned fee.

{¶46} Thus, it is apparent that this appeal is indeed frivolous and that appellant presented no reasonable question for review. Therefore, the GAL's motion for attorney fees is granted, and we order Mr. Jones to pay the reasonable expenses of the GAL, including attorney fees and costs. The GAL may submit evidence by way of affidavit regarding the costs, including attorney fees, incurred in this appeal, within seven days of this opinion and judgment. Mr. Jones may submit counter affidavits concerning the amount of reasonable attorney fees and costs within 14 days of this opinion and judgment. This court will then make a finding of costs, including attorney fees, which will be assessed in favor of the GAL against Mr. Jones.

{¶47} The judgment of the Geauga County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-G-0020