[Cite as *In re Estate of Andolsek*, 2025-Ohio-511.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| ESTATE OF:<br><br>PAUL P. ANDOLSEK, DECEASED | **CASE NO. 2024-L-055**<br><br>Civil Appeal from the<br>Court of Common Pleas,<br>Probate Division<br><br><br>Trial Court No. 2014 ES 0117 |

**O P I N I O N**

Decided: February 18, 2025
Judgment: Affirmed

*Yolanda Andolsek*, pro se, 29236 Eddy Road, Willoughby Hills, OH 44092 (Appellant).

*Russell J. Meraglio, Jr.*, and *Brianna M. Prislipsky*, Reminger Co., LPA, 200 Public Square, Suite 1200, Cleveland, OH 44115 (For Appellee).

MATT LYNCH, J.

{¶1} Appellant, Yolanda Andolsek, appeals the judgment of the Lake County Court of Common Pleas, Probate Division, overruling her objection to the Sixth Partial Account, filed by appellee, Russell J. Meraglio, Jr., in the Estate of decedent, Paul P. Andolsek. For the following reasons, we affirm the decision of the court below.

{¶2} The Estate of Andolsek was opened on March 17, 2014, with Andolsek serving as executrix. On February 25, 2015, Meraglio was appointed administrator and succeeded Andolsek in the administration of the estate.

{¶3} On May 21, 2024, Meraglio filed the Sixth Partial Account covering the period from April 1, 2023, to March 31, 2024. A hearing on the account was scheduled

for June 25, 2024. The Account reported a balance of $204,815.49 remaining in the fiduciary's hands. This balance represented receipts of $39,409.96 for personal property not sold and $175,500.00 for real property not sold. Disbursements during the accounting period consisted of $10,094.47 for other administration costs and expenses.

{¶4} On June 20, 2024, Andolsek filed an Objection to Fiduciary's Account on the ground that the Sixth Partial Account failed to explain, in detail, "everything that has been done with estate assets." In support of the Objection, Andolsek attached the following affidavit:

> I only received 2 previous accountings, one was in 2018 and the other was in 2020.
>
> Meraglio keeps sending correspondence to 29163 Chardon Rd., Willoughby Hills, even though he knows the property was lost in 2018. Breach of security, no oversight.
>
> Meraglio keeps including Davic [sic] Patterson in the correspondence even though he is no longer my attorney and he is not representing me in this matter.
>
> The property sold in 2016, 2555 Kenilworth, for 237,000, appraised at 345,000. Loss of 108,000.
>
> The lawsuit that Meraglio involved himself in and settled for 10,000, regarding the above property. The lawsuit should have recovered at least the amount needed to pay the new contractor for his repair work. Loss of 12,749.
>
> Property located at 29163 Chardon Rd., Willoughby Hills, the house sold for over 350,000. Total loss to the estate.
>
> Meraglio included this property in his 2020 accounting, as being in the fiduciary's hands, even though the property was sold at sheriff[']s sale in June 2018. The court signed off on this accounting. The court gives Meraglio carte blanche, no oversight.
>
> The adjacent vacant lot next to 29163 Chardon Rd. 1.08 acres, valued at 94,000. Total loss.

2

Lawsuit filed by heirs [of Paul Andolsek] 15CV002138, for damages and stolen estate property could [have] recovered at least 90,000 dollars, but Meraglio refused to enter the lawsuit. Loss to the estate 90,000.

Property loss at 29163 Chardon Rd., items in the lawsuit were valued at over 400,000.

1984 Ford dump truck loss of 4,200.00

1995 Ford van loss of 2,000.00

1997 Ford pickup loss of 1,000.00

Ford back haul loss of 14,000.00

Sears power washing loss of 500.00

Compressor loss of 400.00

Patio furniture loss of 2,000.00

Garden statues loss of 900.00

Assorted tools, drills, saws, etc, loss of 600.00

Bicycles loss of 1,000.00

Lawnmowers, edger, cultivator loss of 2,000.00

Riding tractor loss of 3,000.00

Furniture that was too large to remove from property loss of 5,000.00

Washer/dryer loss of 750.00

The property located on E. 185th St., every year Meraglio does not pay the property taxes on time, incurring fees and penalties over 2,000.00 loss.

The property located at 18520 Chickasaw Ave., has been completely neglected by Russell Meraglio. It is in need of repairs and all the taxes have been paid by Moya Andolsek. She is entitled to be reimbursed for the taxes which are over 18,000 dollars. The property was valued at 140,000 by the court appraiser, again a total loss due to the total negligence of Russell Meraglio.

3

Case No. 2024-L-055

This is the true state of estate, loss after loss due to the negligence of Russell Meraglio well over a million dollars. This does not include the emotional and mental terror that he has imposed upon the heirs for the past 10 years. How this court can allow this blatant breach of fiduciary duty really confuses me.

{¶5} On June 24, 2024, the probate court overruled the Objection as follows:

Upon review, Ms. Andolsek filed the same documents regarding last year's account, which were addressed in this Court's Judgment Entry of June 14, 2023. Again, while the current Objections appear to be timely filed and Ms. Andolsek alleges that she furnished a copy to the Administrator, the Objections are not specifically applicable to the current account filed. Rather, they are the same complaints she has previously raised, which have been resolved to the Court's satisfaction. As such, the Objections are not well-taken.

{¶6} On July 23, 2024, Andolsek filed her Notice of Appeal. On appeal, Andolsek raises the following assignment of error: "The court erred when it ruled my objections to the accounting were not well taken and were not specifically applicable to the current account filed."

{¶7} Andolsek argues: "The court inform[s] me that there will be a Notice of Hearing on Account[.] I file my objections and come to court at the time that is written on the paper, expecting a chan[c]e to question Meraglio about the missing items on the accounting and why they are not addressed. The court informs me that there really isn't any hearing, so I am lied to and denied due process to question Meraglio. The court rules that all my objections have already been addressed [but] doesn't state when or how. I looked through the whole estate file and I don't see where Meraglio is asked why he pays the taxes for estate property late each year and incurs fees and penalties, or why he never paid any utilities or the taxes or a single mortgage payment for the foreclosed home."

4

Case No. 2024-L-055

**{¶8}** The probate court's rulings are reviewed on appeal under an abuse of discretion standard. *In re Estate of Crain*, 2017-Ohio-2724, ¶ 16 (11th Dist.); *In re Estate of Weiner*, 2019-Ohio-2354, ¶ 34 (2d Dist.) ("we employ the abuse-of-discretion standard for our review of the Probate Court's rulings"). "With respect to factual findings, [a reviewing] court will not reverse the probate court if there is 'some' competent, credible evidence going to all essential elements of the case." *In re Estate of Brate*, 2019-Ohio-446, ¶ 29 (12th Dist.).

**{¶9}** Preliminarily, Meraglio argues that Andolsek's arguments may be disregarded for her failure to comply with the Rules of Appellate Procedure: "The court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2); App.R. 16(A)(7) ("[t]he appellant shall include in its brief … [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies"). We further note that the Brief of Appellant is deficient in other respects, such as failing to include a table of contents and authorities and that Andolsek has been previously admonished regarding the form and substance of a proper appellate brief. *Fed. Natl. Mtge. Assn. v. Andolsek*, 2019-Ohio-271, ¶ 6-8 (11th Dist.); *Andolsek v. Hurley*, 2018-Ohio-2451, ¶ 2-4 (11th Dist.).

**{¶10}** The Brief of Appellant as well as the Reply Brief are not wholly devoid of citations to the record and legal authority. Accordingly, Andolsek's arguments will be duly considered to the extent that they are relevant to the assigned error.

5

**{¶11}** "Every fiduciary's account required by section 2109.301 [governing executors and administrators] … of the Revised Code shall be set for hearing before the probate court." R.C. 2109.32(A). Not less than five days prior to the hearing on the account, "[a]ny person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust." R.C. 2109.33. "All exceptions shall be specific and written." *Id.* "At the hearing upon an account …, the court shall inquire into, consider, and determine all matters relative to the account and the manner in which the fiduciary has executed the fiduciary's trust, including the investment of trust funds, and may order the account approved and settled or make any other order that the court considers proper." R.C. 2109.32(A). In its inquiry into "matters relative to *the account*," the probate court may limit the examination to the account currently under consideration. *In re Estate of Kuntz*, 1986 WL 2659, *1 (2d Dist.) ("[w]e find no abuse of discretion by the trial court in limiting the scope of appellant's examination to the second account").

**{¶12}** At issue in the present appeal is the Sixth Partial Account covering the period from April 1, 2023, to March 31, 2024. The only activity occurring during this period was the payment of "other administration costs and expenses," specifically, real estate taxes, a probate court filing fee, and the bond renewal premium. Andolsek filed an Objection. As noted by the court, her objections were "not specifically applicable to the current account filed." In fact, they were "the same" objections (the wording is virtually identical) raised a year earlier in response to the Fifth Partial Account. Inasmuch as Andolsek's objections were not specific to the account under consideration, we find no abuse of discretion in the court's overruling of those objections.

6

Case No. 2024-L-055

{¶13} Andolsek further complains that "[t]here [was] no hearing where a beneficiary can inquire and question the account on record." Reply Brief of Appellant. The probate court docket indicates that a hearing was scheduled for June 25, 2024, at which the court found that the Sixth Partial Account "has been lawfully administered" and, therefore, was "approved and settled." The Notice of Appeal stated that "[a] statement pursuant to App. R. 9(C) or (D) is to be prepared in lieu of a transcript." No such statement has been presented to this court. Without a properly admitted statement about what occurred or did not occur at the June 25 hearing, this Court cannot pass judgment on the manner in which the court conducted the hearing or its determination that the estate was fully and lawfully administered during the period covered by the Sixth Partial Account. *Khasawneh v. Aldamen*, 2024-Ohio-937, ¶ 13 (10th Dist.) ("[i]n the absence of a complete transcript of the proceedings, a statement of the evidence pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D), an appellate court has no alternative but to indulge the presumption of the regularity of the proceedings and the validity of the judgment of the trial court"); *Karnofel v. Girard Police Dept.*, 2005-Ohio-6154, ¶ 14 (11th Dist.); *compare In re Estate of Howard*, 2008-Ohio-2104, ¶ 13 (9th Dist.) (the heir's claim that she "was not presented with an opportunity to 'present her claims at a hearing'" was supported by an App.R. 9(C) statement).

{¶14} Finally, we acknowledge Andolsek's generalized complaint that the probate court never addresses the issues, takes her concerns seriously, or provides her with the opportunity to challenge Meraglio's conduct of the estate. A review of the probate court's docket demonstrates that these claims are unfounded. There have been at least two evidentiary hearings regarding Meraglio's conduct of the estate as well as other hearings

7

regarding the status of the estate. There have been several attempts to have the probate judge removed for bias. There was a period of time during which Andolsek refused to attend hearings. The Inventory for the estate including an appraisal was filed on September 5, 2018, and subsequently approved. Andolsek appealed the approval but the appeal was dismissed for failure to prosecute. *In re Estate of Andolsek*, 11th Dist. No. 2018-L-138. The first four partial accounts, covering the period from February 25, 2015 to October 31, 2021, were approved without objections being filed. Andolsek filed objections to the Fifth Partial Account but did not appeal the denial of her objections.

{¶15} The sole assignment of error is without merit.

{¶16} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Probate Division, overruling Andolsek's objections to the Sixth Partial Account, is affirmed. Costs to be taxed against the appellant.

JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2024-L-055