[Cite as *J&S Motors, L.L.C. v. Hendking*, 2025-Ohio-2925.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| J&S MOTORS, L.L.C., | **CASE NO. 2024-L-088** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Willoughby Municipal Court |
| YOLANDA P. HENDKING, | |
| Defendant-Appellant. | Trial Court No. 2024 CVI 03725 |

## OPINION AND JUDGMENT ENTRY

Decided: August 18, 2025
Judgment: Affirmed

*J&S Motors, L.L.C.*, 30251 Euclid Avenue, Unit A, Wickliffe, OH 44092 (Plaintiff-Appellee).

*Yolanda P. Hendking*, pro se, 1752 Victoria Road, Cleveland, OH 44112 (Defendant-Appellant).


MATT LYNCH, J.

{¶1} Appellant, Yolanda P. Hendking, appeals the judgment of the Willoughby Municipal Court that awarded appellee, J&S Motors, LLC ("J&S"), $2,737.00 plus interest for unpaid vehicle repairs. For the following reasons, we affirm the judgment of the trial court.

{¶2} In August 2024, J&S filed a small claims complaint against Hendking for $1,034.97 plus $17.00 per day for vehicle storage. J&S alleged Hendking had authorized the repair of her vehicle, a 2003 Honda Pilot, and then refused to pay and pick up the vehicle. Attached to the complaint was a June 4, 2024 written estimate for $2,000.00 in

repairs to the vehicle's transmission and rear window. A handwritten notation on the estimate indicated that Hendking approved the repairs over the phone on June 10 at 6:23 p.m. Also attached to the complaint was a June 27 invoice for $1,034.97 for the repair of the transmission, signed by Hendking (or her representative, as the signature is unclear) on the same day, authorizing the repair.

{¶3} On September 23, 2024, a hearing was held before a magistrate and both parties testified. J&S entered into evidence a photograph of the vehicle's broken rear window; a photograph of a rusted transmission that was being stored in the back of the vehicle; a series of text messages between the parties from June 20 to June 28; and a June 28 letter from J&S to Hendking informing her the invoice for the repairs to her vehicle was past due.

{¶4} The text communications revealed that on June 20, J&S requested payment of the deposit, and Hendking attempted to pay electronically. J&S also reminded Hendking that the used transmission J&S had found for her was going to be sold to someone else if she did not pay the deposit. The following day, J&S informed her the transmission was no longer available, and she could pay for storage of the vehicle or give J&S the title for the vehicle. The parties texted each other for the next few days regarding the car title. The messages further revealed Hendking eventually dropped off the title, unsigned, and then retrieved the title but did not return it, signed or otherwise.

{¶5} The magistrate issued a decision, concluding that based on the evidence presented at trial, J&S proved its case by a preponderance of the evidence and should be awarded $2,737.00 plus interest.

Case No. 2024-L-088

{¶6} On September 25, 2024, the trial court adopted the magistrate's decision and notified the parties they had 14 days to file objections.

{¶7} On October 3, 2024, Hendking filed an objection, requesting a new trial.

{¶8} On October 7, 2024, Hendking filed additional objections, requesting the trial court to reconsider the facts and evidence. She contended J&S misled the court regarding which transmission she brought in for service, i.e., the transmission that was operating in her vehicle, not the rusty transmission that was stored in the rear of her vehicle. She attached J&S's photographic evidence with her typed clarifications under each photo, an invoice for the purchase of a used transmission, dated September 5, 2023, and an affidavit in which she attested to the invoice.

{¶9} The following day, the managing member of J&S, John Mariano Sr., submitted an affidavit averring that J&S was not contesting which transmission Hendking requested to be serviced; rather, it was seeking relief for the repairs to the transmission that had been previously installed in the vehicle by a prior technician.

{¶10} On October 24, Hendking requested the audio transcript from the September hearing.

{¶11} On November 12, the trial court overruled Hendking's objections, noting Hendking raised factual and evidentiary matters that were not presented or should have been presented at trial, she did not indicate the evidence was not available at the time of trial, and she failed to file a transcript of the hearing. After conducting an independent review of the record, the court found no error of law or other defect evident on the face of the magistrate's decision and affirmed its judgment adopting the magistrate's decision,

Case No. 2024-L-088

awarding judgment to J&S in the amount of $2,737.00 plus interest at the statutory rate of 8% annum from the date of judgment.

{¶12} Hendking timely appealed and raises the following assignments of error:

{¶13} "[1.] The trial court erred in accepting the appellee's evidence, specifically the photograph of the transmission, which does not correspond to the transmission [Hendking] brought in for service.

{¶14} "[2.] The trial court erred in finding [Hendking] authorized the work performed by the appellee.

{¶15} "[3.] The trial court erred in failing to consider any evidence, including the timeline of communications and the affidavit from [her] mechanic, which demonstrate[s] that the appellee misrepresented the facts.

{¶16} "[4.] The trial court erred in failing to apply Ohio consumer protection laws, which require written authorization for motor vehicle repairs exceeding $25."

{¶17} The standard of review for small claims proceedings is abuse of discretion. *Terrell v. Morgan Furniture*, 2022-Ohio-3981, ¶ 15 (11th Dist.). Similarly, we review a trial court's adoption of a magistrate's decision for an abuse of discretion. *Covert v. Kanieski*, 2011-Ohio-4170, ¶ 18 (11th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed.2004).

{¶18} In her assignments of error, Hendking challenges the factual matters and evidence presented at trial and the evidence she submitted after the magistrate's hearing, and she raises new claims for the first time on appeal. More specifically, she contends J&S falsely represented which transmission she wanted repaired, the trial court failed to

Case No. 2024-L-088

consider the evidence she attached to her objections, and the magistrate erred by finding that she authorized the repairs because J&S failed to obtain her written authorization for the vehicle repairs as required by the Ohio Consumer Protection Act ("OCPA"), R.C. Chapter 1345 et seq., and Adm.Code 109:4-3-13.

{¶19} Hendking's arguments are not well taken.

{¶20} First, "[u]nder Civ.R. 53(D)(3)(b), parties are required to support any objection to a magistrate's decision with 'a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.' Failure to provide an acceptable record to the trial court permits the trial court to ignore any objections to factual matters that may have been challenged." (Citation omitted.) *Covert* at ¶ 19. "'Even in the context of small claims hearings, Civ.R. 53 must be strictly followed. It is well-settled law that when an appellant fails to provide a transcript or an alternative to a transcript as provided for in the civil rules, "there is nothing for us to pass upon and we must presume the validity of the trial court proceedings and affirm the judgment below."'" *Id.* at ¶ 20, quoting *Beres v. G.S. Bldg. Co.,* 2007-Ohio-6564, ¶ 20 (11th Dist), quoting *DeCato v. Goughnour*, 136 Ohio App.3d 795, 799 (7th Dist. 2000). Because Hendking failed to support her factual objections pursuant to Civ.R. 53, she is precluded from arguing factual determinations on appeal. *Id.* at ¶ 19.

{¶21} Second, the evidence Hendking attached to her objections, i.e., a copy of J&S's photograph exhibits, her affidavit, and the invoice for the purchase of a transmission in 2023, should have been presented to the magistrate during the trial. Alternatively, as the trial court noted in overruling Hendking's objections, Hendking could have moved for admission of the evidence under Civ.R. 53(D)(4)(d) ("the court may hear

additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate"). *See Fackelman v. Micronix*, 2012-Ohio-5513, ¶ 23 (8th Dist.) ("[h]ad appellant wished the trial court to consider it, he should have presented it to the magistrate, or he could have moved for its admission under Civ.R. 53(D)(4)(d)").

{¶22} Third, Hendking failed to raise any OCPA claims against J&S in the trial court. An appellate court cannot consider issues or claims that were not raised in the lower court. *Cunningham v. Protect Autoworks*, 2016-Ohio-4745, ¶ 31 (11th Dist.), citing *Ray v. Petersen*, 2002-Ohio-6575, ¶ 9 (11th Dist.) ("[i]t is axiomatic that a party cannot raise issues for the first time on appeal that were not raised below"); *State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 80 (1997) ("[o]rdinarily reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed"). *See also Bourgeois v. Thompson*, 1998 WL 516306, *1 (5th Dist. Aug. 17, 1998) (the appellant failed to plead any violations of the OCPA in the trial court and cannot raise these new issues for the first time on appeal).

{¶23} Lastly, Hendking failed to cite to any legal authorities pursuant to App.R. 16(A)(7) in support of her assignments of error. This rule provides: "The appellant shall include in its brief . . . [a]n argument containing the contentions . . . with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). "An appellant 'bears the burden of affirmatively demonstrating error on appeal.'" *Tally v. Patrick*, 2009-Ohio-1831, ¶ 22 (11th Dist.), quoting *S. Russell v. Upchurch*, 2003-Ohio-2099, ¶ 10 (11th Dist.). "'It is not the obligation of an appellate

Case No. 2024-L-088

court to search for authority to support an appellant's argument as to an alleged error. *See Kremer v. Cox* (1996), 114 Ohio App.3d 41, 60 . . . . Furthermore, if an argument exists that can support appellant's assignments of error, "it is not this court's duty to root it out." *Harris v. Nome*, 9th Dist. No. 21071, 2002-Ohio-6994.'" *Id.*, quoting *Upchurch* at ¶ 10. "Accordingly, we may disregard an assignment of error that fails to comply with App.R. 16(A)(7)." *Id.*

{¶24} We recognize the difficult task pro se litigants face when representing themselves; however, "we must adhere to the established rule that '"[p]ro se litigants are held to the same standard as other litigants and are not entitled to special treatment."'" *State v. Ober*, 2019-Ohio-843, ¶ 12 (11th Dist.), quoting *Karnofel v. Kmart Corp.*, 2007-Ohio-6939, ¶ 27 (11th Dist.), quoting *In re Salsgiver*, 2003-Ohio-6420, ¶ 46 (11th Dist.).

{¶25} Since there is no error of law or other defect evident on the face of the magistrate's decision, we cannot find the trial court abused its discretion in overruling Hendking's objections and affirming its judgment adopting that decision.

{¶26} Finding Hendking's assignments of error to be without merit, the judgment of the Willoughby Municipal Court is affirmed.


ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-L-088

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Willoughby Municipal Court is affirmed.

Costs to be taxed against appellant.

JUDGE MATT LYNCH

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2024-L-088