[Cite as *In re Estate of Andolsek*, 2025-Ohio-5286.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| ESTATE OF: | **CASE NO. 2025-L-039** |
| PAUL P. ANDOLSEK, DECEASED | Civil Appeal from the Court of Common Pleas, Probate Division |
| | Trial Court No. 2014 ES 0117 |

## OPINION AND JUDGMENT ENTRY

Decided: November 24, 2025
Judgment: Affirmed

*Russell J. Meraglio, Jr.*, and *Brianna M. Prislipsky*, Reminger Co., L.P.A., 200 Public Square, Suite 1200, Cleveland, OH 44114 (For Appellee, Russell J. Meraglio, Jr.).

*Yolanda Andolsek*, pro se, 29236 Eddy Road, Willoughby Hills, OH 44092 (Appellant).

MATT LYNCH, J.

{¶1} Appellant, Yolanda Andolsek, appeals the judgment of the Lake County Court of Common Pleas, Probate Division, overruling her "Urgent Motion to Remove the Estate Fiduciary, Russell Meraglio," who was court appointed in 2015 by agreement of Andolsek and one of her two sisters, Moya, to administer the estate of their father, Paul P. Andolsek. For the following reasons, we affirm.

{¶2} In March 2014, Andolsek, as the successor executor named in her father's will, initiated the underlying action to settle his estate following his death on December 17, 2013. Andolsek's mother, the named executor, predeceased her father. The trial court granted Andolsek's application to administer the estate. The estate consisted

mainly of real estate properties, which included the decedent's home and several rental properties; however, it was encumbered with debt, including a mortgage, and had almost no liquidated assets ($813).

{¶3}   In February 2015, after Moya filed an application to administer the estate, a motion to remove Andolsek as executor, and a motion for Andolsek to post bond, the court held a hearing at which the two sisters agreed Moya would withdraw her motions, Andolsek would resign as executor, and the court would appoint a third party to serve as administrator.  The court appointed Meraglio.

{¶4}   In October 2015, after filing several pro se letters expressing her distrust of Meraglio's handling of the estate, Andolsek filed her first motion to remove Meraglio from the estate.  After a hearing, the trial court overruled Andolsek's motion, finding the allegations made by Andolsek and Moya were unfounded and without merit.  The trial court ordered the sisters to cooperate with Meraglio in his efforts to sell whatever property he deemed necessary to sell.

{¶5}   For the next several years, Andolsek, both pro se and through counsel, filed a series of motions and letters in the trial court and appeals in this court concerning Meraglio and his administration of the estate.  In addition, Andolsek filed a motion for a civil protection order against Meraglio for herself and her sisters and placed a lis pendens on one of the properties to prevent Meraglio from selling the property.  *See e.g., In re Estate of Andolsek*, 2017-Ohio-893 (11th Dist.) (dismissing appeal from denial of motion to reconsider order overruling motion to remove executor for lack of final appealable order); *In re Estate of Andolsek*, 2018-Ohio-1211 (11th Dist.) (dismissing appeal for lack of final appealable order because judgment entry did not dispose of all claims); *In re*

Case No. 2025-L-039

*Estate of Andolsek*, 2025-Ohio-511 (11th Dist.) (affirming the judgment overruling Andolsek's objections to the sixth partial account for the estate). Andolsek also filed several affidavits of disqualification against the probate court judge in the Supreme Court of Ohio. *See In re Disqualification of Bartolotta*, 2016-Ohio-8585.

{¶6} As relevant to this appeal, in February 2025, Andolsek filed an "Urgent Motion to Remove the Estate Fiduciary, Russell Meraglio," alleging claims of breach of fiduciary duty, unjust enrichment, "deliberate inheritance theft," and failure to follow the instructions in the will. Andolsek requested an emergency hearing to be held "at a neutral location, not in Lake County Probate Court, in front of a neutral judge." Attached to her motion was a copy of her father's will and the court's February 2015 judgment entry appointing Meraglio with the agreement of Andolsek and Moya.

{¶7} Meraglio filed a brief in opposition to the motion, noting Andolsek had filed approximately six such motions, wherein she raised the same allegations against him that were already ruled upon, except for one new allegation, in which she contended Meraglio had received a $40,000 payment from the estate's assets. To this last allegation, Meraglio stated he has not received any payment for any services rendered since he was appointed administrator.

{¶8} The trial court overruled Andolsek's motion, finding it not well taken pursuant to R.C. 2101.24 and 2109.04.

{¶9} After the trial court issued its judgment, Andolsek filed a reply in support of her motion, acknowledging Meraglio has not been paid any fees but reiterating her argument he should be removed as administrator of the estate. Andolsek also filed a

"Clarity on Judgment Ruling," asking the trial court to address the specific allegations she raised in her motion.

{¶10} Andolsek timely appealed and raises four assignments of error for our review:

{¶11} "[1.] The probate court erred in appointing a fiduciary with a documented pattern of mismanagement, without conducting a proper review of financial qualifications, property oversight, or ethical performance.

{¶12} "[2.] The probate court erred in permitting the sale and disposal of estate assets–-including residential, commercial, and mixed-use properties—without notice to or consent from all heirs, in violation of statutory fiduciary duties.

{¶13} "[3.] The probate court abused its discretion by failing to enforce Ohio Revised Code 2109.44 and 2109.45, resulting in financial harm to the estate and depriving beneficiaries of their equal share.

{¶14} "[4.] The court erred in failing to hold the fiduciary accountable for conflicts of interest and pattern-based decisions that enriched the fiduciary's associates at the expense of the estate's solvency."

{¶15} Andolsek is appealing the judgment of the trial court overruling her sixth motion to remove Meraglio as administrator of her father's estate.

{¶16} At the outset we note that while Andolsek assigns four assignments of error for our review, the argument section in her brief does not follow her assigned errors and thus does not comply with App.R. 16. *See* App.R. 16(A)(7) (appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions,

Case No. 2025-L-039

with citations to authorities, statutes, and parts of the record on which appellant relies"); *J&S Motors, L.L.C. v. Hendking*, 2025-Ohio-2925, ¶ 23 (11th Dist.) (an assignment of error may be disregarded if it fails to comply with App.R. 16(A)(7)).  We will, nevertheless, address the merits of Andolsek's arguments as far as they can be discerned and as they pertain to the trial court's denial of her motion.

{¶17} "The removal of an administrator is within the sound discretion of the probate court and a reviewing court will not reverse the court's order unless it appears the lower court abused its discretion."  *In re Estate of Jones*, 2023-Ohio-2829, ¶ 27 (11th Dist.).  An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'"  *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶18}  R.C. 2109.24 authorizes a trial court to remove a fiduciary "for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the . . . estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law."

{¶19}  In addition, R.C. 2113.18(A) provides that a court may remove an executor if there are unsettled claims existing between the executor and the estate which the court believes may be the subject of controversy or litigation between the executor and the estate or other interested parties.  The language of R.C. 2113.18(A) demonstrates that it is within the probate court's discretion to determine whether an unsettled claim between parties may be the subject of controversy or litigation.  *Jones* at ¶ 29.

{¶20}  In her appellate brief, Andolsek divides her argument into sections by the individual properties that were held by the estate.  For example, she contends Meraglio

Case No. 2025-L-039

sold an apartment building at 2555 Kenilworth Road, Cleveland Heights, Ohio at a loss of $111,000. The property was appraised for $345,000 and was sold for $234,000. Contrary to her assertion, there is evidence in the record this property was vacant, needed extensive repair, and could not be rented until numerous housing violations were resolved and approved by the City of Cleveland Heights. Further, the first appraisal of the property was done by viewing only the exterior of the property because the sisters prevented Meraglio and the appraiser from gaining access to the building. Andolsek makes similar allegations regarding her father's residential home, a duplex rental property, and a shopping plaza on 185th Street in Cleveland, Ohio, as well as an allegation of overall "systematic neglect." However, Andolsek failed to submit any evidence to support these bare allegations in the court below, and we are similarly constrained in our review on appeal.

{¶21} In *In re Estate of Hoppes*, 2014-Ohio-5749 (12th Dist.), the Twelfth District reviewed that "[w]hen the individual seeking a hearing is not the fiduciary, but rather the person seeking removal of the fiduciary, a trial court is not required to hold a hearing. . . . The court may deny the motion for removal without a hearing where the motion and *documentary evidence presented demonstrate that removal is unwarranted*." (Emphasis added.) *Id.* at ¶ 15. *See also Jones*, 2023-Ohio-2829, at ¶ 30 (11th Dist.) (the appellant's contention the administrator should have been removed was without merit because he failed to submit any evidence at the hearing pursuant to R.C. 2109.24). In this case, because there was no documentary evidence for the trial court to consider, the trial court did not abuse its discretion by overruling Andolsek's motion.

Case No. 2025-L-039

{¶22} As this court aptly stated in *In re Estate of Andolsek*, 2025-Ohio-511 (11th Dist.), "we acknowledge Andolsek's generalized complaint that the probate court never addresses the issues, takes her concerns seriously, or provides her with the opportunity to challenge Meraglio's conduct of the estate. A review of the probate court's docket demonstrates that these claims are unfounded. There have been at least two evidentiary hearings regarding Meraglio's conduct of the estate as well as other hearings regarding the status of the estate. There have been several attempts to have the probate judge removed for bias. There was a period of time during which Andolsek refused to attend hearings." *Id.* at ¶ 14. In addition, Andolsek made many of the same allegations against Meraglio as in her prior motions, which the trial court determined were unfounded. Andolsek did not appeal those judgments.

{¶23} Because Andolsek did not satisfy her burden of proof, the trial court did not abuse its discretion in denying her motion to remove Meraglio as administrator.

{¶24} Finding Andolsek's assignments of error to be without merit, the judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.

{¶25} We turn now to Meraglio's motion for sanctions wherein he contends he should be awarded sanctions because Andolsek's appeal is frivolous.

{¶26} Pursuant to App.R. 23, "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."

{¶27} This court has stated that "'[a]lthough App.R. 23 provides that reasonable expenses may be assessed against an appellant who brings a frivolous appeal, it does not define what constitutes such frivolity. Ohio courts, however, have construed a

Case No. 2025-L-039

frivolous appeal as one which presents no reasonable question for review. *See, e.g., Taylor v. Franklin Blvd. Nursing Home, Inc.* (1996), 112 Ohio App.3d 27, 32. . .; *Talbott v. Fountas* (1984), 16 Ohio App.3d 226 . . . This court has likewise endorsed this interpretation of App.R. 23. *See, e.g., Nozik v. Mentor Lagoons Yacht Club* (1996), 112 Ohio App.3d 321, 326. . ..'" *Cominsky v. Malner*, 2004-Ohio-2202, ¶ 25 (11th Dist.). *Accord Estate of Jones v. Jones*, 2024-Ohio-5768, ¶ 36-44 (11th Dist.).

{¶28} The decision to award attorney fees under App.R. 23 is within the sound discretion of this court. *Cominsky v. Malner*, 2004-Ohio-2202, ¶ 26 (11th Dist.).

{¶29} The fact that we are upholding the trial court's judgment does not equate to a finding that Andolsek's appeal is frivolous. A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." *Cominsky* at ¶ 25; *Estate of Jones v. Jones*, 2024-Ohio-5768, ¶ 38 (11th Dist.). *Bernat v. EK Real Estate Fund I, L.L.C.*, 2025-Ohio-393, ¶ 8 (7th Dist.).

{¶30} Pursuant to R.C. 2109.24, a fiduciary may be removed "because the interest of the . . . estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law." This can include, as Andolsek essentially argued, the failure of an administrator to timely finish and close an estate and/or intense or substantial conflict between the beneficiaries and the administrator. An administrator's "actions need not rise to violations of law or even cause injury to the estate to justify a finding that the best interest of the estate will be served by removal." *In re Estate of Wilkerson*, 2005-Ohio-159, ¶ 16 (10th Dist.); *In re Jarvis*, 67 Ohio App.2d 94, 97 (8th Dist. 1980) (while administrator is not usually removed for the sole reason that an account was filed late or taxes not promptly paid, numerous errors and delays warranted removal).

Case No. 2025-L-039

{¶31} The administration of an estate that exceeds ten years suggests substantial failures on the part of the fiduciary. While Meraglio points to Andolsek's actions as the cause of much of the delay in the liquidation or distribution of assets, it is nonetheless the responsibility of the fiduciary to carry out his or her duties in a timely manner. *See, e.g., Castro v. Castro*, 2013-Ohio-1671, ¶ 15-17 (8th Dist.) (probate court did not abuse discretion by removing administrator who failed to timely administer the estate and preserve its assets); *In re Estate of Bost*, 10 Ohio App.3d 147, 148 (8th Dist. 1983) (affirming court's order to remove executor due to communication breakdown with the beneficiary, untimely filings of inventory, and failure to satisfy estate's tax obligations). Accordingly, we cannot say Andolsek's appeal is frivolous and presented no reasonable question for review.

{¶32} Meraglio's motion for sanctions is denied.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-L-039

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Probate Division, is affirmed.

Appellee Russell Meraglio's motion for sanctions is denied.

Costs to be taxed against appellant Yolanda Andolsek.

_____
JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-L-039